## Case No. 3,332.

### CRAIG et al. v. FISHER.

[2 Sawy. 345;[1] 5 Pac. Law Rep. 52.]

Circuit Court, D. California. Feb. 4, 1873.

VIOLATION OF INJUNCTION—CAUTION.

1. Defendant was injoined from making or selling a patented "hose pipe provided with internal radial plates," designed to straighten the stream of water employed in hydraulic mining so as to throw a solid stream. After the injunction, defendant took the radial plates out of old worn-out machines sold by the patentee, inserted them in new pipes, and sold the machines thus constructed. *Held*, that this constitutes a new machine, and not merely the repair of an old one, and is a violation of the injunction.

2. Parties cautioned against experimenting to see how near they can come to the violation of an injunction, and escape the consequences.

[Cited in Wells v. Oregon Ry. & Nav. Co., 19 Fed. 22.]

Proceeding [by R. R. Craig and others against F. H. Fisher] for contempt in violating an injunction.

M. A. Wheaton and M. M. Estee, for the motion.

B. Morgan, contra.

SAWYER, Circuit Judge. I have examined carefully the affidavits and counter-affidavits

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

presented in this case; also the patent. The affidavits of the defendant do not meet specifically the particular facts alleged in the affidavits of the complainant as to the acts of the party, and from the affidavits of the defendant himself, I am satisfied that he has to some extent manufactured and sold machines embodying the patent. I am not satisfied that even the plates used were plates that were either sold by Craig, or by authority of the party owning the patent, unless possibly it might have been one set. However that may be, I do not think he has any right to take the plates, even if Craig had sold the machine containing them—to take plates from a worn-out machine, and insert them in another pipe to be used again. The patent, it seems to me, is very clear upon the subject. It sets out the nature of the invention, and what the claim of the patent is. It is not for plates without the pipe, or for the pipe without the plates, but the pipes and plates combined; that is the instrument patented for the purpose of straightening the stream of water. The language of the claim in the patent is: "A hose pipe provided with internal radial plates substantially as and for the purpose herein set forth." The plates are nothing, except as used in connection with the pipe. If the pipe is worn out, the machine is gone, so far as that machine is concerned. The pipe with its appliances combined is the thing patented. The plates are fixed to it in the manner described, and for the purposes indicated. I do not think the defendant is entitled to take the old plates and use them in a new pipe, and I am not satisfied, even if it were so, that all of these plates were ever sold or made by the authority of the patentee; possibly one set of them was; it may be that some of the others were, but if they were, it is not satisfactorily shown to be so. The machines made and sold by defendant are essentially new machines—not old ones repaired. I think, clearly, there has been a violation of this injunction, and from the facts that have been here set forth, and the fact that this is a second application, it is evident that the defendant did not intend in good faith to obey the injunction. It at least seems to be so. On the hearing of the former application I discharged the party upon payment of a small fine, because I thought it possible that he had honestly mistaken his rights. I had grounds to suppose so, but he was distinctly admonished that it was not at all safe to experiment with a view of seeing how near he could come to violating the injunction, and not violate it; and I suggested that those who undertake to see how near they can come to doing the prohibited thing without passing the line will be very apt to overstep the bounds, and make themselves amenable to the law. I cautioned and admonished the defendant particularly on that point here before, and I do not think there is any excuse on this occasion for the violation of the in-

junction. It may be that the court has erred in issuing the injunction. I do not claim that this court is infallible. If the court has erred, there is a mode provided for correcting the error, but erroneous or not, the judgment and the injunction are valid until reversed or set aside, either by this court or the appellate court, and the process of this court must be respected.

· This is, as I said before, a second offense, and I shall, therefore, as I intimated to the defendant on the former occasion, be more severe in punishment than I was then. The punishment then was light, because I thought it likely that the party had not in bad faith intended to violate the injunction; but I am not satisfied that this is the case now; on the contrary, I think it clearly appears that he does not intend in good faith to observe the injunction.

The court, therefore, adjudges the defendant in contempt, as charged in the affidavits; that he pay a fine of $500, and pay to the complainant the costs of this proceeding, to be taxed by the clerk, including $100 as counsel fee, and that he be imprisoned in the county jail of Santa Clara county for the period of five days, and in default of the payment of the fine and costs, said imprisonment to be continued until they are paid, or until the further order of the court.

The counsel for complainant will draw a judgment in accordance with this order.