### STAHL v. ERTEL et al.

(Circuit Court, S. D. Illinois. December 28, 1893.)

1. PATENTS—SUITS FOR INFRINGEMENT—VIOLATION OF INJUNCTION—EVIDENCE.
    In proceedings to punish violation of injunctions against manufacturing, using, selling, offering for sale, or advertising defendant's incubator, containing an egg tray, or heater, pipes, and tank, found to infringe complainant's patents, incubators designated by the same name, made, after notice of the injunctions, by the same company, will be presumed, in the absence of any denial, to be the same as those made by it before the injunctions.

2. SAME.
    Continued advertising of such incubators, in the same general terms and description and name, for sale, after notice of the injunctions, is strong evidence of violation thereof in other respects, as well as the prohibition against advertising, which requires positive proof on defendant's part to the contrary.

3. SAME—WHO PUNISHABLE FOR CONTEMPT.
    A defendant who, though not originally a party to the infringement suit, became interested, as a controlling member of the infringing corporation, before the hearing on which the injunction was granted, and thereafter controlled the litigation and bore the expenses, and moved to modify the injunction, and who is shown to have employed workmen to manufacture machines by which he might evade it, is punishable for contempt, upon a violation of the injunction by him.

4. CONTEMPT—PROCEEDINGS TO PUNISH—COSTS.
    A reasonable attorney's fee is properly taxable as costs in contempt proceedings.

This was a suit by George H. Stahl against the Victor Incubator Company and others for infringement of patents, in which injunctions were granted against defendants. Complainant moved for an attachment against George Ertel and A. L. Chase for contempt in violating the injunctions.

L. H. Berger and Sprigg, Anderson & Vandeventer, for plaintiff.
George H. Knight, for defendants.

ALLEN, District Judge. This suit was brought for the infringement of letters patent No. 267,422, issued to Augustus M. Halstead November 14, 1882, of letters patent No. 258,295, issued May 23, 1882, to Augustus M. Halstead, and of letters patent No. 368,249, issued to complainant, George H. Stahl, August 16, 1887. Other patents were declared on, but at the hearing were withdrawn. The bill was filed February 18, 1892, and on motion made for preliminary injunction, on due notice to the defendants in that suit, the cause came up for hearing on April 4, 1892, at which hearing, which was had upon affidavits, it was agreed by counsel that they would argue the case fully, and whatever order the court should make could be entered as a final order. Plaintiff relied upon the infringement, by defendant's Victor incubator, of the egg tray of the Halstead patents, and of the tank, pipes, and heater of the Stahl patent. Defendants denied infringement, and set up some 26 different patents for the purpose of showing the state of the art at the time complainant's patents were obtained, and for the purpose of showing anticipation of the Stahl patent. After full and extended argument, this court, on April 4, 1892, declared defendants' egg tray an infringement of claim 3 of Halstead patent No. 267,422, and of claims 6, 7, and 8 of Halstead patent No. 258,295, and issued an injunction restraining each of defendants from using, manufacturing, or selling their egg tray until the further order of the court, and postponed further hearing until April 23, 1892. At the postponed hearing the cause was again taken up, and fully reargued, and on May 16, 1892, this court signed a second decree, declaring Stahl's patent No. 368,249 valid, and holding the heater, pipes, and tank of defendant's Victor incubator an infringement upon the Stahl patent, and issued an order restraining defendants from further "manufacturing and using, selling, offering for sale, or advertising their said incubator, with heater, pipes, and tank," as then made by them. Both of these injunctions were duly served on defendants.

Afterwards, and on June 11, 1892, defendants, on due notice to complainant, entered a motion for a modification of the order of May 16, 1892, which motion, on hearing, was overruled. Afterwards a motion founded on affidavits was made by complainant to the court for an attachment against George Ertel, who was not a party to the original suit, and A. L. Chase, for contempt for violating said injunction. The defendants opposed the motion on affidavits, and the court made an order referring the matter to J. C. Thompson, Esq., to take evidence upon the question of whether defendants, or either of them, had, since service of said injunction, made, sold, offered for sale, or advertised any of their incubators containing either the said egg tray, or the said heater, pipes, and tank, which had been restrained. A large number of witnesses were heard by the referee, and a number of incubators and models were presented as exhibits. All of this evidence was transmitted

to this court by the referee without any findings, and upon this documentary evidence this cause was submitted after full argument by counsel for the respective parties.

Upon the consideration of the whole case the court is of the opinion that defendant George Ertel has committed the contempt alleged.

The machine enjoined was the Victor incubator, and the testimony of witnesses and the books of the Victor Incubator Company showed that there had been sold five Victor incubators since notice of the restraining orders. The defendant did not deny upon the witness stand that the Victor incubator made subsequent to the notice of the restraining orders had either the tray or pipes, tank, and heater of complainant's machine, nor did he produce any witness by whom he proved this. In the absence of any denial, it will be presumed that a Victor incubator, made since notice of injunction, and manufactured by the same Victor Incubator Company, is the same as the Victor incubator manufactured by the same company prior to the injunction. Stebbins v. Duncan, 108 U. S. 32, at page 48, 2 Sup. Ct. 313; Brown v. Metz, 33 Ill. 339.

Again, the evidence showed that the said Victor Incubator Company, since the notice of the restraining orders above mentioned, had continued advertising the Victor incubator complete, with the same cuts and cards that said company had been using prior to the injunction; also, exhibits of advertising, made since notice of the restraining orders, were offered in evidence, showing offers and terms of sale of Victor incubators of the same manufacture and style of those restrained. This is in violation of the terms of the restraining order, which specially prohibits defendants from advertising the sale of their incubators; and, besides this, the deliberate act of defendants, in advertising in the same general terms and description and name, for sale, the very machine enjoined, is strong evidence of a violation of the injunction, and requires positive proof on the part of the defendants to the contrary. Rob. Pat. § 1042; Allis v. Stowell, 19 O. G. 77. While the said Ertel was present with counsel, and was used as a witness for plaintiffs, he failed to deny under oath that he had made or sold any incubators containing the egg tray, or the heater, pipes, and tanks, that he had been restrained from making and selling.

Again, there was positive evidence that defendant George Ertel had manufactured incubators containing the very parts he had been restrained from making. Witnesses Fairman & Glenn, who are dealers in stoves, tinware, etc., in Quincy, Ill., testified that their house built for defendant George Ertel incubators, with tanks, pipes, and heaters, substantially the same as those in the machine restrained, and that this was done after notice of the restraining orders. One of these witnesses, Glenn, said: "This, however, is the original tank that we made for Sheer and Chase. We also made at least two of them for George Ertel." The "original tank" referred to by this witness is the tank that was enjoined. In addition to this, several of the workmen of Fairman & Glenn testified to the manufacture of these same tanks for defendant Ertel. While

it is true defendant George Ertel was not a party to the original suit, the evidence shows that he became interested, as a controlling member of the Victor Incubator Company, before the hearing at which the first restraining order was made by this court, and had from that time on controlled the litigation, furnished counsel at his own expense, and borne the cost and expense of that suit, and that after the injunction he appeared by counsel, and argued the motion to modify and dissolve the injunction. Having an interest in the litigation, all that was necessary to bring him within the order was to show that he was apprised of its existence. High, Inj. 1421, 1422. The defendant Ertel has not attempted to raise any question of the binding force of the injunction upon him. He appeared with counsel at the time the reference was made, and before the referee when the evidence was taken, and at no time has he made any objection or raised any question against the proceedings. There was also evidence tending to show that defendant Ertel had employed workmen to manufacture machines by which he might escape the injunction. Defendant should not attempt to see how near he can come to an infringement and escape. High, Inj. § 1427; Craig v. Fisher, 2 Sawy. 345, Fed. Cas. No. 3,332. Nor can he, by subterfuge, do substantially what he has been enjoined from doing. High, Inj. § 1433; Rob. Pat. § 1215.

I am therefore of the opinion that George Ertel is guilty of contempt, and should be required to pay the cost and expense of this proceeding. Such costs and expense should include a reasonable attorney's fee, which is properly taxable in contempt proceedings. High, Inj. § 1457; Rob. Pat. 1219. The clerk will please issue an order of reference to Edward J. Mitchell, as special commissioner to take evidence and report the amount of petitioner's charges, expenses, and reasonable attorney's fees.

As to defendant A. L. Chase, there is no evidence connecting him with any of the acts of violation or contempt.