## DAVID'SON v. MUNSEY.

### No. 1570. (80 Pac. 743).

1. EQUITY—CONTEMPT.—The fact that plaintiff's affidavit on a motion for an order requiring defendant to show cause why he should not be committed for a contempt was made on information and belief was immaterial, where the affidavits of other persons alleged the commission of the contempt in positive terms.

2. SAME—COSTS—ATTORNEY'S FEES.—Revised Statutes 1898, section 3338, provides that parties to actions or proceedings are entitled to costs and disbursements, and section 3368 provides that, if actual loss to a party in an action is caused by a contempt, the court, in addition to fine or imprisonment, may order payment to the party aggrieved of a sum sufficient "to indemnify him and to satisfy his costs and expenses." Held, that in proceedings against one for a contempt in violating an injunction restraining him from infringing a trade-mark it was proper on a finding for plaintiff to award him a reasonable attorney's fee.

3. SAME—INFRINGEMENT OF TRADE-MARK—EVIDENCE—DEPOSITIONS—SUFFICIENCY.—Revised Statutes 1898, section 4513, provides that in criminal prosecutions the defendant shall be confronted by the witnesses against him. Held, that proceedings for a contempt for the violation of an injunction restraining the infringement of a trade-mark were civil, and it was proper to admit a deposition in evidence. [1]

4. SAME—SUFFICIENCY—EVIDENCE.—In proceedings for a contempt consisting of the violation of an injunction restraining defendant from infringing plaintiff's cigar label, the mere fact that the amount of the profits derived by defendant from the value of the cigars labeled with such trade-mark was a certain sum per thousand did not warrant a finding that plaintiff was damaged in such sum by each thousand cigars sold by defendant.

(Decided April 14, 1905.)

APPEAL from District Court, Weber County; Charles H. Hart, Judge.

AFFIRMED IN PART.

---

[1] Snow v. Snow, 13 Utah 15, 43 Pac. 620.

Suit by Max Davidson against Edward A. Munsey. From a decree finding defendant guilty of contempt of a decree restraining him from infringing a certain trade-mark of plaintiff's, defendant appeals. Affirmed on conditions.

*R. S. Farnsworth* for appellant.

*W. L. Maginnis* and *C. C. Richards* for respondents.

APPELLANT'S POINTS.

The affidavits upon which the order to show cause was issued do not state facts sufficient to authorize the court to issue any such order, or to give the court jurisdiction. (*Young v. Cannon*, 2 Utah 561; *Gaines & Co. v. Sroupe*, 117 Fed. 965; *Thedford Med. Co. v. Curry*, 22 S. E. 661; *Low v. Hall*, 47 N. Y. 105.)

The court erred in requiring the defendant to pay to the plaintiff $300 as attorneys' fees as costs and expenses incurred by the plaintiff. The court had no authority to allow attorneys' fees in this proceeding. (Rev. Statutes 1898, Utah, sec. 3368; *Kelly v. Rogers*, 21 Minn. 147; *Day v. Woodworth*, 13 How. 363; *Atwater v. Russell*, 49 Minn. 57, 56 N. W. 26; *Frost v. Jordan*, [Minn.], 36 N. W. 713; *Sudlow v. Knox*, 7 Abb. Prac. [N. S.] 412; *Cleveland v. Burnham*, 18 N. W. 190; *O'Rourke v. Cleveland*, 49 N. J. Eq. 577; *Larson v. Windsor*, 45 Pac. 315; *Dejonge v. Brennerman*, 23 Hun 332.)

In the case of a contempt not committed in the presence of the court, the evidence admissible should only be such as would be admissible on the trial of an indictment for the same offense. (*In re Bates*, 55 N. H. 325; *Welch v. Barber*, 52 Conn. 147.) It was determined by the Supreme Court of California in the case of *Ex Parte Gould*, 99 Cal. 300, 33 Pac. 1112, that a proceeding to punish a person for contempt in violating an injunction is criminal in character and the rules of criminal procedure obtains therein.

The evidence is not sufficient to sustain the finding, con-

clusion of law and judgment that the defendant realized profits amounting to the sum of $150. The amount of the fine to indemnify the person aggrieved must be fixed upon proof of the damages sustained according to the rules of law which would apply to an action for such damages. "It is well settled that under this section of the Code, the amount of the fine to be imposed for the purpose of indemnifying the person aggreived, must be based upon proof of the damage actually sustained." *Moffat v. Herman*, 22 N. E. 287; citing *Sudlow v. Knox*, 7 Abb. Pr. [N. S.], 411; *DeJonge v. Brennerman*, 23 Hun 332; *King v. Flynn*, 37 Hun 329; *Rohner v. Chadwick* [Utah], 26 Pac. 116; *Hostetter v. Von Winkle*, Fed Cas. 6714; *Atlantic Milling Co. v. Robinson*, 20 Fed. 217; *Leather Cloth Co. v. Hirshfield*, 13 L. T. N. S. 427; 14 Week. Rep. 78 L. R. 1 Eq. 299.)

RESPONDENT'S POINTS.

The fourth, fifth and sixth grounds of reversal relied upon by the appellant cannot be urged in this court. All three raise the question of the sufficiency of the evidence to sustain the findings of the court, and the bill of exceptions contains no specifications of the particulars in which the evidence is alleged to be insufficient. Section 3284 of our Code, as amended in 1903, provides: "No particular form of exceptions is required, but when the exception is to a verdict or decision upon the ground of insufficiency of evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient." This provision of our Code requires that the particulars shall be specified in the bill of exceptions, otherwise the findings of the court cannot be reviewed. (2 Spelling on New Tr. and App. Pr., sec. 433; Hayne on New Tr. and App., sec. 344, p. 737, sec. 96, p. 269; *Marks v. Taylor*, 23 Utah 159; *Van Pelt v. Park*, 18 Utah 146; *Mader v. Taylor et al.*, 15 Utah 163; *Canal Co. v. Edwards*, 9 Utah 477; *Stirling v. Parsons*, 9 Utah 81.)

This court has repeatedly held that in equity cases the findings of the lower court will not be disapproved unless they

are so manifestly erroneous as to demonstrate some over-sight or mistake, and in law cases this court may not review the questions of fact, so whether this proceeding be a law case or whether it be a case in equity, the questions of fact will · not be reviewed by this court. (*Dwyer v. S. L. C. Mfg. Co.,* 14 Utah 342; *Hannaman v. Carrick,* 9 Utah 239; *Dooly Block v. Rapid T. Co.,* 9 Utah 45; *Watson v. Mahoney,* 15 Utah 275; *McKay v. Farr,* 15 Utah 264; *Miller v. Livingston,* 22 Utah 178; *Gorringe v. Read,* 24 Utah 455.)

The court had the power to allow an attorneys' fee of $300 as part of plaintiff's costs and expenses. (*Brett v. Brett,* 33 Hun 547; *State v. Durfein,* 46 Kan. 695, 27 Pac. 148; *DeJonge v. Brenneman,* 23 Hun 332; *People v. Spaulding,* 2 Paige 364; *Whitman v. Haines,* 51 Hun 640; *Railway Co. v. Duggan,* 109 Ill. 537-539; *Landon v. Wayne Circuit J.,* 76 Mich. 373; *In re Tift,* 11 Fed. Rep. 467; *Stahl v. Eytil,* 62 Fed. Rep. 920; *Doubleday v. Sherman,* 7 Fed. Cases No. 4020.)

The court did not err in admitting the deposition of O. D. Douglass. This proceeding for contempt was not a criminal action, though spoken of as an action in the nature of a criminal proceeding. (9 Cy. 47; *Wyatt v. People* [Colo.], 28 Pac. 961; *State v. Durein* [Kan.], 27 Pac. 148; *In re Chadwick* [Mich.], 67 N. W. 1071; *State v. Doty* [N. Y.], 90 Am. Dec. 671; *Tinsley v. Anderson,* 171 U. S. 101; *State v. Becht,* 23 Minn. 411; *Gandy v. State* [Neb.], 14 N. W. 143.) Nor is a punishment for contempt a bar to a subsequent criminal prosecution for the same act. (*Sherman v. People* [Ill.], 7 N. E. 618.) The distinction between civil contempt and criminal contempt is also recognized by the decisions of our own State. (*Snow v. Snow,* 13 Utah 15; *Ex Parte Whitmore,* 9 Utah 441; *In re Kelsey,* 12 Utah 393; *People v. Owens,* 13 Utah 18.)

### STATEMENT OF FACTS:

On the 10th day of November, 1900, the plaintiff in this action filed a complaint in the district court of Weber

county, Utah, alleging that the defendant had infringed a certain cigar label or trade-mark known as the "Columbia Club" and the "Columbia Club Perfecto." The defendant answered, and a trial was had on the 10th day of April, 1901. The court entered a decree in favor of the plaintiff and against the defendant, restraining the defendant from selling or causing to be sold any cigars purporting to be cigars manufactured by plaintiff, or from in any way imitating or causing to be imitated the two brands of cigars known as the "Columbia Club" and the "Columbia Club Perfecto." On January 24, 1903, the court made an order based upon certain affidavits filed by the plaintiff, requiring the defendant to show cause why he should not be committed for contempt of court for violating the decree referred to. The defendant filed an answer, denying the allegations set out in the plaintiff's affidavits. On the 23d day of February, 1903, on a legal holiday, the cause came on for trial, and on March 10, 1903, the court filed its findings of fact and conclusions of law, and entered a decree that defendant was guilty of violating the injunction and decree of said court made on the 10th day of April, 1901, hereinbefore mentioned, and that defendant pay to plaintiff a certain amount of money as damages and his costs and disbursements, including $300 as attorney's fees, whereupon an appeal was taken to this court from said judgment, which said judgment was reversed upon the ground that the trial court did not have jurisdiction to try said action on a legal holiday, and the cause was remanded back to the lower court for a new trial. (*Davidson v. Munsey,* 27 Utah 87, 74 Pac. 431.) On the 6th day of April, 1904, the cause again came on for trial, and on the 8th day of April, 1904, the court found the issues in favor of plaintiff, and entered a decree adjudging the defendant guilty of contempt, and that plaintiff have judgment against defendant for the sum of $150 as damages and that he recover his costs in said action, including $300 attorney's fees. The court also found "that, in case an appeal from the final judgment herein be taken by the defendant, that the further sum of $200 would be a rea-

sonable attorney's fee to be allowed to plaintiff's attorneys for their services on such appeal." Defendant appeals.

McCARTY, J., after making the foregoing statement of the case, delivered the opinion of the court.

Appellant's first contention is that the affidavit of respondent, Davidson, was insufficient to authorize the trial court to issue an order requiring appellant to appear in court and show cause why he should not be fined and committed for contempt, for the reason that said affidavit was made upon information and belief, and not from personal knowledge. Davidson procured and filed affidavits of other parties in support of the motion for the order to show cause. In these affidavits the facts constituting the alleged contempt are set forth in direct and positive terms, and are based upon the personal knowledge of the parties who signed them, and were sufficient of themselves, without the affidavit of Davidson, to authorize the court to issue the order to show cause. Therefore the question as to whether the affidavit made by Davidson upon information and belief was sufficient to give the court authority to act in the matter becomes unimportant.

The next question raised by this appeal is, did the court err in requiring the defendant to pay to the plaintiff $300 as attorney's fees as a part of the costs and expenses incurred by him in the prosecution of the action? Section 3338, Revised Statutes 1898, provides that:

> "The compensation of attorneys and counselors at law is left to the agreement express or implied of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided."

Section 3368 provides that:

> "If an actual loss or injury to a party in an action or special proceeding, prejudicial to his rights therein, is caused by the contempt, the court, in addition to the fine or imprisonment for the contempt, or in place thereof, may order the person proceeded

against to pay the party aggrieved a sum of money
sufficient to indemnify him, and to satisfy his costs
and expenses."

Appellant insists that the phrase "costs and expenses" in
section 3368 is equivalent to and means the same thing as the
phrase "costs and disbursements" found in section 3338, Re-
vised Statutes 1898, and that only such costs as are taxable
in ordinary actions can be legally allowed in cases of this
kind. On the other hand, respondent contends that the term
"expenses," as used in section 3368, is intended to include
something more than the costs allowed by statute to the pre-
vailing party in ordinary civil actions, and may include such
reasonable attorney's fees as the relator may have paid or ob-
ligated himself to pay counsel in order to secure the fruits of
his litigation and get the protection and full benefit that the
injunction order which the defendant is adjudged guilty of
violating, is intended to give him. It would seem that the
Legislature, by making use of the word "expenses," and as-
sociating it with that of "costs," intended that something
more than the usual or ordinary costs that are allowed to the
prevailing party in civil actions generally might be allowed
where the court proceeds under section 3368, and in addition
to or in lieu of a fine or imprisonment "orders the person
proceeded against to pay the party aggrieved a sum of money
sufficient to indemnify him and to satisfy his costs and ex-
penses." The term "costs," as applied to judicial proceed-
ings in this State, has a defined and well-understood mean-
ing. It refers to and includes only those fees and charges
the amounts of which are fixed and regulated by statute; that
is to say, the fees which the statute provides a party in prose-
cuting or defending an action or proceeding must pay into
court, the compensation of witnesses, and the fees required
to be paid to the officers of the court during the progress of
the suit. The word "expenses" is not so restricted, and may
include items of expenditure in the prosecution of an action
or proceeding which are not governed and regulated by stat-
ute, and which are not allowed as a matter of course to the

prevailing party. And we are of the opinion that the term "expenses" in section 3368 is used advisedly, and for a purpose, and is intended to include such necessary and unavoidable expenditures as the "party aggrieved" may be put to in prosecuting proceedings of this kind to secure the benefits his injunction is supposed to give him, as well as redress for the actual loss or injury which the evidence shows he has suffered because of the wrongful acts of defendant. If such had not been the intention of the Legislature, it is reasonable to presume that the words "and expenses" would have been omitted from section 3368. (*Taylor v. R. R. Co.*, 83 Wis. 645, 53 N. W. 855.) Therefore we are of the opinion, and so hold, that the court proceeded entirely within the statute in allowing plaintiff a reasonable attorney's fee. The action of the court in this respect is supported by respectable authority. In the case of the *People ex rel. Garbut v. R. R. Co.*, 76 N. Y. 294, which was an appeal from an order modifying, and affirming as modified, an order imposing a fine upon appellant (defendant) for a contempt in disobeying a peremptory writ of mandamus which included $100 for fees paid by the relator to his attorney in such proceedings, the court said:

> "The fine imposed in this case, as modified by the General Term, consists only of the costs and expenses of the proceedings for contempt. The appellants complain that in addition to the costs an allowance of $100 was made as a fair compensation to the relator's attorneys in the proceedings. For this compensation the relators were liable to their attorneys, and, though not embraced within the term 'costs,' we think the court had power to allow it as an expense." (*Dejonge v. Brenneman*, 23 Hun [N. Y.] 332; *Brett v. Brett*, 33 Hun [N. Y.] 547; *In re Tift* [D. C.], 11 Fed. 467; *Stahl v. Ertel* [C. C.], 62 Fed. 920; *Doubleday v. Sherman*, 7 Fed. Cas. 959 [No. 4,020]; 2 High on Injunctions, sec, 1457, 9 Cyc. 55.)

The deposition of one O. D. Douglass was admitted in evidence over the objection of defendant. It is claimed that the action of the court in admitting the deposition was in violation of section 4513, R. S. 1898, which provides, so far as material here, that "in criminal prosecutions the defendant shall be confronted by the witnesses against him." Proceedings in contempt cases are divided into two classes. When brought under section 3367, and for the purpose of vindicating the power and authority of the court and maintaining its dignity, the proceedings are criminal in character, and the rules of practice in criminal actions should be adhered to and followed. But when, as in this case, the proceedings are for the purpose of collecting an indemnity for the damages sustained by the plaintiff because of the misconduct of the defendant, they are civil, and are so held by the great weight of authority. (7 A. & E. Enc. Law, 28, 29, 68, and cases cited; 9 Cyc. 6.) In *Snow v. Snow,* 13 Utah 15, 43 Pac. 620, which is a well-considered case, this distinction is recognized and followed. In the course of the opinion the court said:

"From a careful inspection of the authorities it is evident that a clear distinction exists, both upon principle and authority, between that class of cases where it is sought to vindicate the authority or dignity of the court, or where the contempt consists in the doing of a forbidden act, injurious to the opposite party, wherein the process is criminal, or of a criminal nature, and wherein conviction is followed by a penalty of fine or imprisonment, or both, which is merely punitive, and that other class of contempts where the proceeding is remedial, and intended for the benefit of the opposite party, to compel the doing or omission to do an act necessary to the administration of justice in enforcing some private right in a civil proceeding. This distinction between civil and criminal contempt is recognized in the following cases" (citing numerous cases).

In fact appellant, in his reply brief, claims that the facts in this case "at least show nothing more than a civil contempt," thereby recognizing the foregoing distinction between the two classes of contempts. The proceedings in this case being more of a civil than a criminal character, it was not error to admit the deposition referred to.

Evidence was introduced which tended to show that the amount of profits derived by appellant from the value of cigars labeled with the trade-marks in question was about $50 per thousand, which, it appears from the record, was taken as a basis to determine the amount of damages sustained by Davidson because of appellant's alleged violation of the injunction referred to in the foregoing statement of facts; but no evidence was introduced which even tended to show the amount of damage sustained by Davidson by reason of appellant infringing upon and using the trade-marks or labels in question. The court, however, found as a fact "that thereby, and by means of the aforesaid false and fraudulent representations and conduct of the said defendant, and the sales so made by him, the said defendant was enabled to and did realize profits thereon amounting to the sum of $150, to the damage of the plaintiff in said sum." It does not necessarily follow that because Munsey may have realized a profit equal to $50 per thousand on the cigars he sold labeled with the trade-marks referred to that Davidson was correspondingly damaged in the same amount. Under section 3367, Revised Statutes 1898, the court may, when a defendant has beeen adjudged guilty of contempt for violating its orders and decrees, impose a penalty of both fine and imprisonment, and that, too, regardless of the extent of the injury or damage suffered by the complainant or party directly aggrieved by the unlawful acts of the defendant. The fine in such case is imposed to vindicate the authority of the court, and for the purpose of enabling it to enforce its orders and decrees; and all that is required, all other proceedings being regular, to support a judgment of this kind, is for the proof to show that the defendant has willfully violated or refuses to comply with the orders and mandates of the court. But when the

court proceeds, as was done in this case, under section 3368, and an order is made for the defendant to pay plaintiff a sum of money sufficient to indemnify him for his actual loss or injury caused by the misconduct of the defendant, there must be some evidence which tends to show the amount of such damage. The law does not contemplate, nor will it permit, a judicial determination which requires one litigant to pay to another a sum of money to be left entirely to conjecture, where, as in this case, there is no evidence whatever to show the amount of injury suffered or damage done the plaintiff. In cases of contempt, where the court, under the foregoing provisions of the statute, awards more than nominal damages to the aggrieved party, such damages must be proved according to the rules of law which would govern in a civil action brought to recover such damages, and the amount awarded must be limited to the actual injury or loss sustained. (7 A. & E. Ency. Law [2d Ed.] 68; *Dejonge v. Brenneman,* 30 Hun 332.) The Supreme Court of North Dakota, in deciding this same question in a case which arose under a statute almost identical to the one here, in the course of the opinion said:

"In our opinion, the law of this State does not, in contempt proceedings, permit sums of money in amounts arbitrarily fixed by the court to be paid by one suitor to another under the compulsion of an order of court. The amount to be paid over must in some way be ascertained judicially, and this means that the same must be ascertained by a consideration of testimony bearing upon the matter. It is true that an exact measure in money in cases of unliquidated damages is difficult to find, but this difficulty is met in all cases where suit is brought for unliquidated damages. Where there is an actual loss occasioned by the acts of the condemner, the amount thereof must be ascertained by proof, and the court cannot fix such amount without proof." (*Noble Tp. v. Aasen* (N. D.), 86 N.

W. 742; *Moffat et al. v. Herman*, 116 N. Y. 131,
22 N. E. 287; 9 Cyc. 54.)

There being no evidence which even tends to show that
respondent was damaged in the sum of $150, or any other
amount, except a nominal sum, the court erred in that part
of its fourth finding of fact hereinbefore set out. The cause
is therefore remanded to the trial court. But as this is in
the nature of a special proceeding, it will not be necessary,
nor is it imperative, to reverse the case because of this error.
If the respondent, within ten days from the time the remit-
titur in this case is filed with the clerk of the district court,
remits all of the $150 damages except the sum of $1 (nom-
inal damages) of said sum, the judgment will be affirmed,
with costs; otherwise the case will stand reversed, and re-
manded for a new trial.

STRAUP, J., concurs.

BARTCH, C. J. — I concur in this decision except as to
the form of the judgment.