## THOMPSON et al. v. McFARLAND et al.

No. 1620 (82 Pac. 478).

1. INJUNCTION—INTERFERING WITH IRRIGATION DITCH—DISSOLUTION OF DISTRICT.—Where an irrigation district was formed as authorized by Laws 1884, page 127, chapter 49, a decree in favor of such district, restraining defendants from interfering with the irrigation ditch of such district, did not survive a dissolution of the district by virtue of Revised Statutes 1898, section 2920, declaring that an action or proceeding does not abate by the death or disability of a party, or by a transfer of its interest, if the cause of action survive, etc.

2. WATERS AND WATER COURSES—IRRIGATION DISTRICT—TRANSFER OF INTERESTS.—Where an irrigation district was organized under Laws 1884, page 127, chapter 49, providing that, on a majority of the citizens of any county or part thereof representing to the county court that more water is necessary, the court may organize the county or part thereof into an irrigation district, the parties owning land under the system of canals of such district, and who had an interest in or were entitled to the water of such canals, became members of the district on organization and tenants in common of its property, so that neither the district nor its trustees could transfer any of the interests of such landholders within or under its jurisdiction.

3. SAME—DECREE—DISSOLUTION.—Where defendants, who were landowners under the canals of a quasi public irrigation district and members thereof, were restrained from interfering in any manner with the ditches of the district, such decree became *functus officio* on the dissolution of the district, whereupon defendants were remitted to their original rights as individual landowners.

4. INJUNCTION—VIOLATION—CONTEMPT.—Where the damage by defendant's act in taking water from an irrigation ditch in violation of an injunction, if any, resulted to all the landowners in common, who were entitled to water from the ditch, a proceeding for contempt for violating such injunction, even if maintainable by a corporation entitled to a portion of the water was not maintainable in the absence of proof of actual or special damage.

(Decided September 2, 1905.)

APPEAL from Dictrict Court, Weber County; H. H. Rolapp, Judge.

Proceeding by John T. Thompson and others, as trustees of the Hooper City Irrigation District, revived by the Hooper Irrigation Company as substituted plaintiff, to punish Thomas McFarland and others for contempt in violating a decree restraining them from interfering with a certain irrigation canal. From a judgment assessing a fine and imprisonment against defendants, they appeal.

REVERSED.

*James N. Kimball* and *Geo. Halverson* for appellant.

*L. R. Rogers* for respondent.

APPELLANT'S POINTS.

It was contended in the court below, and it was so set up in the answer as a defense, that the dissolution of the Hooper City Irrigation District rendered the decree in the irrigation case *functus,* because, upon the dissolution of the irriation district, the corporation became dead, and a dead corporation could not institute or enforce contempt proceedings. for violation of a decree; that a contempt proceeding was a proceeding instituted for a violation of some right, and that a right only inhered in some legal person, and that if the person died, the right died with it. With this contention the lower court agreed, at least to the extent of holding that after a dissolution, the corporation became dead, and that a dead corporation could no longer proceed in the action or in any action. And this is unquestionably the law. (*Milwaukee, etc., Co. v. Sentinel Co.,* cases in note, 15 L. R. A. 627, 10 Cyc. 1314, 1316, 1320; Thompson on Corporations, secs. 6718, 6720, 6722.) But the court permitted the plaintiff, after the defendant had rested, over his objection that the court was without jurisdiction, to substitute the Hooper Irrigation Company as party plaintiff in action No. 1499, being the main irrigation case, stating that it had become the successor by transfer of interest of the plaintiff in that action, and was such successor at the time of the trial of the

case and prior thereto, and has continued as such successor ever since. Upon making that order it then became necessary to amend the affidavit of contempt in order to make it speak the truth; because, if the Hooper Irrigation Company was the plaintiff in that action, the allegation "that they are three of the plaintiffs in the above entitled action, and make this affidavit for and on behalf of the plaintiffs therein," became an untruth, and the plaintiff moved the court to strike out said allegations, which was accordingly permitted over the objection of the defendant.

The court erred in admitting in evidence all the testimony as to services rendered by counsel and the value thereof and the amount paid witnesses in the contempt proceedings and in refusing to strike out the testimony, of James Johnson as to directors' witness fees, covered by assignments 8, 9, 10 and 11. On no theory was this testimony admissible.

The statute under which the judgment was rendered was as follows: "If an actual loss or injury to a party in an action or special proceedings, prejudicial to his rights therein is caused by the contempt, the court in addition to the fine or imprisonment imposed for the contempt, or in place thereof, may order the person proceeded against, to pay the party aggrieved, a sum of money sufficient to indemnify him and to satisfy his costs and expenses which order, and the acceptance of money under it, is no bar to an action by the aggrieved party for such loss and injury." (Rev. St. 1898, sec. 3368.)

It will be observed from the statute that it is only in cases where an actual loss or injury to a party ensues from the act complained of that the court is authorized to order the guilty party to pay indemnity and to satisfy costs and expenses. The affidavit, as we have already seen, does not allege an actual, or any loss or injury to the plaintiff and there was no evidence showing or tending to show any loss or injury to a complaining party or any other person, and for that reason no evidence was admissible as to the amount of damages expenses or attorneys' fees. (*Holland v. Weed*, 87 Mich. 584, 49 N. W. 877.)

The court plainly erred in permitting the Hooper Irrigation Company to be substituted as plaintiff in the injunctive

decree and action. That decree was entered and became final on June 23, 1903, and the plaintiff in that action became extinct long before the affidavit for contempt was filed. It is hardly necessary to cite authority on that proposition. That decree was that the defendant be restrained from taking or using water at any other time than when it should be distributed to him by the plaintiffs or its agents. The plaintiff by dissolution became defunct, and there was no person in existence to distribute water to him, nor to distribute it to the other members of the old district. Upon the creation of the district the individual landholders surrendered their several rights to the control of the canals and water to the body politic thus created, to-wit, the irrigation district through its trustees. But their rights of property were not surrendered. They were each tenants in common and upon the dissolution of the district the right of control which they surrendered to the district, again reverted to them. (10 Cyc. 1310. *Bingham v. Weider*, 1 N. Y. 509; *Hooper v. Utica, etc., Turnpike Co.*, 12 Wend. 371; Thompson on Corp., sec. 6718, 6745-46.)

### RESPONDENT'S POINTS.

The equitable cause of action being one which would survive, it did not abate by the transfer of the titles to the canal and water rights, the action could properly continue in the name of the orginal plaintiffs (as was done), or the court could have allowed the person (the new corporation) to whom the transfers were made to be substituted in the action. (R. S. 1898, sec. 2920.) This section is a literal re-enactment of sec. 3187, Compiled Laws 1888, and has been construed by this court. (*Hapgood v. Bank*, 9 Utah 85; *Wilson v. Kiesel*, 9 Utah 397; *Thomas v. Morris*, 8 Utah 285; *Malone v. Big Flat Gravel M. Co.*, 93 Cal. 384; *Furman v. Furman*, 60 Am. St. Rep. 637.)

The injunction decree which appellant is charged with violating, perpetually enjoined him from in any way or manner interfering with any part or parcel of the "Hooper Canal," or with any headgate or lock used in connection therewith, or from any water flowing therein at any time, and

should not take or receive therefrom only such water as might be distributed to him. Appellant in his answer to the charge of contempt, admitted that at the time and place charged, he did raise the headgate in the canal and did cause a portion of the water flowing therein to be diverted therefrom. It satisfactorily appearing to the court, that the Hooper Irrigation Company was the successor in interest of the district, and it having been properly substituted as party plaintiff in the original action, and it further appearing that the contempt proceeding was instituted and prosecuted by the new corporation for a trespass upon its property and against its rights, the district court, as a matter within its legal discretion, permitted the affidavit to be amended in accordance with the truth and the fact. (Sec. 3005, R. S. 1898.) And it was proper for the court to make these orders upon the motion of the Hooper Irrigation Company, it being the real party in interest, though not the nominal party of record. (*Thomas v. Morris,* 8 Utah 284.)

### STATEMENT OF FACTS.

Thomas McFarland, one of the defendants in the above-entitled action, was proceeded against by the trustees of the Hooper City Irrigation District, charging him with having violated the decree entered in said action in the Second judicial district court of this State in favor of said irrigation district and against McFarland and others. McFarland was found guilty, and the court entered judgment against him and imposed certain penalties hereinafter referred to. The facts in the case, as well as the proceedings leading up to and which resulted in McFarland's conviction, are as follows: The Hooper City Irrigation District was a quasi-public corporation organized under the irrigation law of 1884. (Sess. Laws 1884, p. 127, c. 49.) Section 1 of said act provides, in part, as follows:

> "That upon the majority of the citizens of any county or part thereof, representing to the county court that more water is necessary, . . . the county court having jurisdiction may proceed to organize the county, or part thereof, into an irrigation district."

It is also provided that the officers of an irrigation district organized in pursuance of its provisions shall consist of a board of trustees and certain other officers therein mentioned and that the trustees may sue and be sued. On July 31, 1902, the trustees of the Hooper City Irrigation District brought an action in the Second judicial district court of this State against McFarland and two other defendants to enjoin them from interfering with the canal of said district, known as the "Hooper City Irrigation Canal." The defendants answered, and a trial was had, and on June 23, 1903, a decree was entered in favor of the irrigation district and against the defendants, which decree, so for as material here, provided :

> "That the said defendants . . . are hereby perpetually enjoined from in. any manner interfering with any part or parcel of the Hooper City Irrigation Canal, or with any headgate or lock used in connection therewith, or from any water flowing therein at any time, and shall neither receive nor take from said canal only such waters as may be distributed to them, or either of them, by the trustees of said district, or their agents thereunto duly authorized so to do."

On petition of more than three-fifths of the landholders of said district proceedings were begun, under section 1268, Revised Statutes 1898, to have said district dissolved, and thereafter, and subsequent to the entering of the foregoing decree, another decree was entered in the same court, July 16, 1903, dissolving, without condition or reservation, the Hooper City Irrigation District; and the decree, after reciting the jurisdictional facts, proceeds, in part as follows:

> "That all claims and demands against said district have been fully satisfied and discharged, and the court finds, holds, and decides that the said irrigation district shall be dissolved as prayed. Therefore it is hereby ordered, adjudged, and decreed, and the court hereby declares, that the said Hooper City Irrigation District be and is hereby dissolved."

On the 3rd day of August, 1903, nearly one month after the Hooper City Irrigation District had been dissolved by the foregoing decree of court, John T. Thompson, George F. Henry, and Wheatly Gibson, as trustees of said irrigation district, filed an affidavit in said court, in which it is alleged and charged that defendant Thomas McFarland on July 31 and August 1, 1903, willfully and contemptuously, and in violation of the decree entered June 23, 1903, interfered with said canal and a certain headgate situated therein by raising said headgate and thereby diverting water from the canal onto lands in his (defendant's) possession, at a time when the water had not been distributed to him by the water master of said canal. The defendant, who at the time of the alleged violations of the decree was the owner of an interest in the Hooper City irrigation canal and entitled to use water therefrom, answered, admitting that he had diverted and turned water from said canal onto his crops, which were in need of water to preserve them, and also pleaded as a defense that at said time the Hooper City Irrigation District had been dissolved and ceased to exist, and that the plaintiffs in this action had ceased to be trustees thereof, and at the time of said division there was no water master of said Hooper City Irrigation District, and no person in charge of said canal, as water master or otherwise, authorized, or to whom he could apply, to distribute the waters of said canal to him, and that at said time there was no successor to said irrigation district. Defendant further disclaimed any intention on his part of ignoring the decree of the court, but alleged that what he did in the premises was done solely to save his crops from destruction. The cause came on for trial February 27, 1904, and after the respective parties had introduced their evidence in chief, and plaintiffs had about concluded their case in rebuttal, the court, over defendant's objection, permitted the substitution of the Hooper Irrigation Company, a private corporation, as the party plaintiff in the action, in lieu of the plaintiffs who began the proceedings. At the close of the trial the court entered judgment against the defendant, which, so far as material here, is as follows:

"It is ordered that judgment be, and the same is hereby, ordered entered in favor of the plaintiffs and against the defendant Thomas McFarland for the sum of $550 as actual damages, and in addition that said defendant be sentenced to 10 days' imprisonment in Weber county jail, whenever the attention of the court shall be called to the fact that said decree has not been obeyed."

From this judgment the defendant has appealed to this court.

McCARTY, J., after stating the case, delivered the opinion of the court.

Appellant contends that, when the Hooper City Irrigation District was dissolved, the decree entered in its favor and the one which appellant is charged with having violated ceased to have any force or effect, and that he was no longer bound by it, and that the court erred in permitting the Hooper Irrigation Company to be substituted as the party plaintiff in the action in place of the trustees who commenced the proceedings in behalf of the irrigation district. On the other hand, counsel for respondent contends that, under section 2920, Revised Statutes 1898, the cause of action survived, and that it can either be prosecuted and the decree enforced in the name of the trustees of the irrigation district or that of the Hooper Irrigation Company. This section of the statute is as follows:

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In the case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

We do not think the case under consideration comes within or is covered by the foregoing provision of the statute. When the Hooper City Irrigation District was organized, all parties owning land under its system of canals, and who had an interest in and were entitled to the use of water from said canals for irrigation, became by operation of law members of said irrigation district, and their rights to. the control and management of the canals and the water flowing therein were thereby transferred to the body politic thus created, which, in the distribution of water, acted through its trustees. But the title to the property remained in the landholders, who, it is admitted, were still tenants in common. Neither the irrigation district nor its trustees had any power to transfer, sell, or otherwise dispose of the interests, or any part thereof, of the landholders within and under its jurisdiction. The irrigation district being a body politic and exercising certain functions and limited powers of a quasi-public character conferred upon it by law, when it was dissolved, there being no saving statute preserving and transmitting to some designated successor the powers thus conferred or established by decree of court, the right to control and distribute the water in question again reverted to the landholders in their individual capacity. (*Bingham v. Weiderwax*, 1 N. Y. 509; *Hooker v. Utica, etc., Road Co.*, 12 Wend. 371; Thompson on Corp., secs. 6745, 6746.) After the dissolution the decree which had been entered in favor of the irrigation district, and which the defendant stands convicted of having violated, ceased to have any force, and the defendant was no longer bound thereby, as no transfer of interest was or could be made from the irrigation district to the new corporation. (10 Cyc. 1310; Thompson on Corp., secs. 6718-6722.) The only rights which the new corporation acquired or could acquire were those which the invidual landowners conveyed to it at the time of or subsequent to its incorporation, as it did not and could not acquire any rights from the irrigation district.

The record shows that there were some twenty-five or thirty members, including the defendant herein, who were landowners and entitled to the use of water from the canals un-

der the jurisdiction and control of the irrigation district, who did not become and were not members of the new corporation at the time the trial was had and judgment entered against defendant. It does not appear from the record, nor is it contended, that these parties delegated to the new corporation the power to act for them in the control and distribution of the water in question. In fact, the articles of incorporation of the new company expressly limit its power to deliver water to its stockholders only. Article 13, in part, is as follows:

> "This company shall deliver water only to the stockholders herein at the places where water is taken out of this company's canals by the various lateral ditches of the stockholders, according to their respective rights in and to the waters running into the canal and ditches of this company as represented by their certificates of stock; and the number of acres and the description of the land which they will be entitled to irrigate by means of this company's canals and the extent of their water rights shall be stated in the certificates of stock."

While it appears from the record that each of the defendants to the action in which the decree in question was entered had an interest in the Hooper City irrigation canal and a right to the use of a portion of the water flowing therein, the extent of such right, was not defined and determined. In fact, no reference is made in the decree as to the quantity of water which Thomas McFarland and his codefendants were entitled to have distributed to them. Had the decree defined and fixed the amount of water to which they were entitled, and their rights in this respect adjudicated, and defendant had, in violation of such decree, willfully taken more water than he was entitled to and had been proceeded against in the first instance by some party having an interest in the canal, quite a different question from the one before us would have been presented. The decree under consideration only deals with the right of certain officers to regulate the distribution of water among landholders entitled thereto, whose ti-

tles to the water were not in dispute and were not adjudicated. In other words, the decree only determined the right of the trustees to perform a duty enjoined upon them by law, and when the irrigation district was dissolved and their office thereby abolished, as hereinbefore stated, the decree became inoperative.

Even if it were conceded that the right of action to enforce the decree survived the dissolution of the irrigation district in favor of the new corporation, the judgment in this case could not be upheld. The proceedings in the case are civil in character, and it is apparent that whatever damage, if any, resulted because of McFarland having taken the water as charged in the complainant's affidavit was suffered by all the landholders in common, and was not confined to those only who became members and whose interests were merged in and represented by the new company; and, as we have suggested, even though it were conceded that the right of action survived in favor of the new company, then in such a case, while the company might institute proceedings of this kind, yet, before it would be entitled to recover for actual or special damages, it would be necessary to prove such damages. (*Davidson v. Munsey,* 29 Utah 181, 80 Pac. 743.) No evidence whatever was introduced which showed or tended to show that the new company (substituted plaintiff) had sustained any actual damages. Yet the court arbitrarily entered judgment in favor of the company and against defendant for $550. It is claimed by counsel for respondent that this amount was allowed by the court and was intended to cover the costs and expenses of the proceeding, in which was included $500 as an attorney's fee; but the judgment does not so state. In fact, no reference therein is made to costs and expenses, nor to attorney's fees; and, as no findings were made in the case, the judgment is conclusive as to what the court intended.

The judgment is reversed, with directions to the trial court to dismiss the proceedings. Costs of this appeal to be taxed against respondent.

BARTCH, C. J., and STRAUP, J., concur.