## LETCHER v. WRIGHTSMAN.

No. 7226—Opinion Filed July 11, 1916.

(158 Pac. 1152.)

**1. Bills and Notes—Actions—"Costs of Collection"—Attorney's Fees.**

An agreement, in a promissory note, to pay the "costs of collection," authorizes the recovery, in a suit upon such note, of a reasonable attorney's fee.

**2. Appeal and Error—Determination of Cause—Adding Interest.**

In a case tried by a jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the

verdict, and it is unquestionably clear that the jury allowed no interest, and the dates from which to which interest should be allowed, and the rate of interest, are clearly ascertainable from uncontroverted facts, the court may compute the interest and add the interest, so found, to the sum found in the verdict, and render judgment for the aggregate amount.

(Syllabus by Rummons, C.)

Error from County Court, Tulsa County; Conn Linn, Judge.

Action by C. J. Wrightsman against F. R. Letcher. Judgment for plaintiff, and defendant brings error. Affirmed.

H. B. Martin, A. F. Moss, and Chas. R. Bostick, for plaintiff in error.

C. E. Bush and Biddison & Gore, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the county court of Tulsa county, by the defendant in error, against plaintiff in error, to recover upon a promissory note which was in the following form:.

"400.00        Tulsa, Oklahoma, Aug. 9, 1913.

"Two months after date, for value received, I promised to pay to the order of C. J. Wrightsman, four hundred & 00/100 dollars at the Central National Bank of Tulsa, Okla., with interest at 8 per cent. per annum from date, payable annually, until paid. The principals, sureties and indorsers hereon severally waive protest, demand, and notice of nonpayment, and hereby agree that this note may be extended from time to time without notice, and without impairment of any obligation upon the part of any surety, guarantor or indorser hereon, and if not paid at maturity we agree to pay all costs of collection.

"P. O. Oct. 29        F. R. Letcher."

Indorsed:

"Nov. 4, 1913, paid $50.00, fifty and 00/100."

The case was tried to a jury, resulting in a verdict for the defendant in error, which was in words and figures as follows:

"We, the jury, duly impaneled and sworn in the above-entitled case, do find the issues for the plaintiff and assess the amount to which he is entitled to recover at $275.00 with interest and $35.00 attorney's fees.

"W. F. Taylor, Foreman."

Upon this verdict the court rendered judgment against the plaintiff in error for the sum of $275, principal, $23.40 accrued interest. and $35 attorney's fee.

Plaintiff in error makes two assignments of error, the first of which complains of the following instruction by the court:

"The court further instruct the jury that upon the whole case, if they find in favor of the plaintiff under instructions herein, then,

plaintiff is entitled to recover a fair and reasonable attorney's fee as part of his case herein, to be fixed under the evidence in this case."

Plaintiff in error objects to this instruction, for the reason that the note did not specifically provide for a reasonable attorney's fee, but only contained a proviso that the maker agrees to pay all costs of collection. Plaintiff in error argues and cites numerous authorities to the effect that attorney's fees are not costs, and that attorney's fees provided for in a note are a part of the debt and are not costs of the action. We think the legal proposition stated by counsel for plaintiff in error is correct, but we are unable to apply such proposition to the case at bar. The words, "costs of collection," used in the note sued on, are not necessarily confined to the costs which are charged up against the unsuccessful party to a case in court.

"The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Section 954, Rev. Laws 1910.

Under this rule of construction the word, "costs," used in the note sued on, evidently is synonymous with "expense." To give it any other meaning would make the agreement in the note wholly useless, since the maker would be responsible for costs of suit without any agreement therefor being embodied in the note. The costs of collection, therefore, must be held to embrace attorney's fees and to include a reasonable compensation for the attorneys bringing suit in an endeavor to collect the note, since such attorney's fees are a part of the expenses of collection. 3 R. C. L., sec. 83, p. 895; Williams v. Flowers, 90 Ala. 136, 7 South. 439, 24 Am. St. Rep. 772; Montgomery v. Crossthwait, 90 Ala. 553, 8 South. 498. 12 L. R. A. 140, 24 Am. St. Rep. 832. The trial court did not err in giving the instruction complained of.

In the second assignment of error the action of the court in rendering judgment for the sum of $23.40 interest is complained of by plaintiff in error. It is insisted by plaintiff in error that as the judgment must conform to the verdict, and as the verdict in this case fixes no date from which interest should be computed and fixes no rate at which it should be computed, the court is without power in rendering judgment upon such verdict to compute the interest due upon such note and add the same to the judgment. The territorial court has held adversely to this contention of plaintiff in error in the case of St. Louis, El Reno & Western Rail-

way Co. v. Oliver, 17 Okla. 589, 87 Pac. 423. 10 Ann. Cas. 748. The second paragraph of the syllabus in that case is as follows:

"In a case tried by jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, or where the court reserved the question of allowance of interest until after verdict, and it is clearly ascertainable from the verdict or uncontroverted facts the dates from which to which interest should be allowed, and the rate is fixed, the court may make the computation, and add the interest so found to the sum found in the verdict, and render judgment for the aggregate amount."

This court, following the Oliver Case in the case of Chattanooga State Bank v. Citizens' State Bank, 39 Okla. 255, 134 Pac. 954, in the fifth paragraph of the syllabus says:

"Where the jury assess the value of the property claimed by virtue of a chattel mortgage, but the question of damages is not submitted to them, and they do not assess interest thereon by way of damages, and the date from which interest should be assessed clearly appears from the uncontradicted evidence, it is not reversible error for the court to compute interest from said date and add it to the value as found and render judgment for the whole amount."

In the case last cited, this court says:

"It is not every failure to observe the strict rules of procedure, however, that will reverse a case"

—and while in the instant case, in strictness, the interest should have been computed by the jury and included in their verdict, it is not reversible error for the court to compute such interest and give judgment therefor where the rate of interest and the time for which it should be computed appear from the uncontradicted evidence in the case.

The only objection made by plaintiff in error as to the correctness of the computation of the interest by the court is that it is apparently too small. Of this he cannot well complain. We think the trial court committed no error in computing the interest and rendering judgment therefor.

The judgment should therefore be affirmed.

By the Court: It is so ordered.