Derry District Court
No. 84-295

STEVE LEAVITT

v.

DONALD HAMELIN d/b/a
UNITED HOME OWNER'S DEVELOPMENT CORP.
a/k/a U.H.O.D.C.

June 19, 1985

*Bruce L. Dorner,* of Londonderry, by brief for the plaintiff.

*Donald Hamelin,* pro se, filed no brief.

KING, C.J. This case presents a single issue of statutory construction. We are asked to construe the bad check statute, RSA chapter 544-A, and to determine whether this statute's penalty provisions encompass the award of attorney's fees to a plaintiff whose suit is successful. RSA 544-A:2. We hold that RSA 544-A:2 does contemplate the award of attorney's fees and set forth our reasons below.

The plaintiff successfully prosecuted a suit in the Derry District Court against the defendant for issuance by the latter of a bad check. Having received judgment on his claim, the plaintiff sought an award of reasonable attorney's fees, contending that the award of such fees was permissible under RSA 544-A:2 which, *inter alia,* holds the issuer of a bad check liable for "all reasonable costs of collection." *Warhall,* J., denied the motion and the plaintiff appeals, asking for clarification of the statutory intendment of RSA 544-A:2.

■ This court has frequently reiterated its adherence to what is commonly known as the "American rule" regarding attorney's fees; that is, that absent a statutory mandate, an agreement between the parties or a judicially-created exception, each party must bear his own costs. *Silva v. Botsch,* 121 N.H. 1041, 1043, 437 A.2d 313, 314 (1981); *Pugliese v. Town of Northwood,* 119 N.H. 743, 752, 408 A.2d 113, 118 (1979); *Morse v. Ford,* 118 N.H. 280, 281, 385 A.2d 229, 230 (1978); *Harkeem v. Adams,* 117 N.H. 687, 690, 377 A.2d 617, 619 (1977). The issue in the case at bar is whether attorney's fees are embraced in the language "all reasonable costs of collection" in RSA 544-A:2.

We begin our analysis by noting that the language of RSA 544-A:2 is not so explicit as to preclude this court's search for further indications of legislative intent. *See Dover Professional Fire Officers Assoc. v. City of Dover,* 124 N.H. 165, 169, 470 A.2d 866, 868–69 (1983). There is no indication in the legislative record of the precise meaning of "all reasonable costs of collection." We shall, therefore, in an attempt to interpret the statute, give its words their plain and ordinary meaning. *In re Robyn W.,* 124 N.H. 377, 379, 469 A.2d 1351, 1352 (1983). RSA chapter 544-A is the civil counterpart to RSA 638:4 (Supp. 1983), which prescribes criminal penalties for the issuing of bad checks. The two statutes share a similar purpose, that being to punish fraud and to prevent the circulation of worthless checks, with the resultant loss of confidence in a mode of payment otherwise designed to facilitate commerce. *See State v. Yarboro,* 194 N.C. 498, 140 S.E. 216 (1927).

■ RSA chapter 544-A attempts to make whole the individual who has exchanged value for worthless paper. The penalty provision of the statute attempts to do this by awarding the successful plaintiff not only the face amount of the obligation, but also those incidents of the action which, if not awarded, would leave him on balance with a loss. Thus, RSA 544-A:2 awards the successful plaintiff interest, court costs and "all reasonable costs of collection." The exclusion of attorney's fees from the "costs of collection" would afford plaintiffs an inadequate remedy, for it is often the case that the full satisfaction of the creditor entails legal proceedings instigated with the assistance of counsel. Moreover, in situations where the claims are small, the inability to recover attorney's fees raises the problem that the amount recovered on clearly meritorious claims may be considerably less than the cost of counsel. This would discourage plaintiffs from bringing suit. A statutory award of attorney's fees thus would encourage both the bringing of suits, no matter what their size, and the prompt settling of meritorious claims. The net result would be furtherance of the statutory purpose of RSA 544-A:2; that is, the discouragement of bad check writing.

In addition, we note that if the language "all reasonable costs of collection" does not embrace reasonable attorney's fees expended in an endeavor to collect on a worthless check, then the phrase, as employed in RSA 544-A:2, is virtually without meaning. That section already awards "court costs" to the prevailing plaintiff; the phrase "costs of collection" then necessarily refers to other necessary and unavoidable expense to which the plaintiff is put in order to recoup the amount of the bad check. If the legislature did not intend this result, it would have omitted reference to expenditures outside the range of those traditionally awarded to the prevailing party. *See Martineau v. Waldman*, 93 N.H. 386, 387–88, 42 A.2d 735, 736 (1945); *see also Davidson v. Munsey*, 29 Utah 181, 188, 80 P. 743, 744 (1905).

Aside from those reasons of policy that we have adduced as supporting our view that attorney's fees are within the language of "all reasonable costs of collection," there exists case authority to a similar effect. In *Letcher v. Wrightsman*, 60 Okla. 14, 158 P. 1152 (1916), the promissory note at issue contained an agreement by the debtor to pay "all costs of collection" if the note was not paid at maturity. The court held that the provision authorized the payment of attorney's fees:

> "To give it any other meaning would make the agreement in the note wholly useless, since the maker would be responsible for costs of suit without any agreement there-

for being embodied in the note. The costs of collection, therefore, must be held to embrace attorney's fees and to include a reasonable compensation for the attorneys bringing suit in an endeavor to collect the note, since such attorney's fees are a part of the expenses of collection."

*Id.* at 15, 158 P. at 1153; *see also Wood v. Ferguson*, 71 Mont. 540, 549, 230 P. 592, 599 (1924); *In re Mason*, 203 S.W.2d 750, 756–57 (Mo. App. 1947).

It is conceivable that the legislature employed the term "costs of collection" rather than "attorney's fees" because such collection matters are not always put into the hands of attorneys. Since the case at bar concerns only attorney's fees, we need not address at this time what other collection costs, if any, may be recovered under the statute. *Cf. McClain v. Continental Supply Co.*, 66 Okla. 225, 229, 168 P. 815, 818 (1917).

We hold, therefore, that RSA 544-A:2 permits the award of attorney's fees expended by the holder of a check, draft or order on any bank in an attempt to collect on the same where suit is brought under RSA chapter 544-A. The ruling of the district court denying the award of attorney's fees in this case is reversed, and the case is remanded to that court with instructions to assess reasonable attorney's fees in the plaintiff's favor.

*Remanded.*

All concurred.