HON. JEFFERSON P. KIDDER, }
                            } ASSOCIATE JUSTICES.
HON. ALANSON H. BARNES,     }

*Farmers' National Bank of Salem v. Rasmussen.*

1. ATTORNEY'S FEES: LIQUIDATION.   A stipulation in a promissory note for the payment of a certain sum as attorney's fees if suit is commenced thereon, is valid, and may be enforced in an action on the note.

*Appeal from Clay County District Court.*

THE facts sufficiently appear from the opinion.

*J. L. Jolley,* for appellant.

*Bartlett Tripp,* for appellee.

KIDDER, J.—This case comes here on an appeal from the District Court in Clay county, where the same was instituted by the plaintiff upon a promissory note, made and executed

---

*Appealed to and affirmed by the Supreme Court of the United States, December, 1877.

by the defendant to one Ransom Bartle or bearer, and trans-ferred by said Bartle through sundry parties to this plaintiff, the owner and holder thereof at the commencement of this action.

The note is in the ordinary form but contains, after the promise to pay the amount and interest therein named, these words: "and ten dollars attorney's fees if action is commenced hereon."

The complaint sets out the note at length and declares upon it in two causes of action—one for the amount of the note and interest, and the other for the ten dollars attorney's fees. The defendant, in his answer, denies generally the first cause of action, and to the second cause he interposes a general demurrer, that the complaint does not state facts sufficient to constitute a cause of action, in which demurrer the plaintiff joins, and upon such issue joined, judgment was rendered in the court below overruling the demurrer, from which judgment the defendant appealed to this court.

The defendant submitted no' brief in the case but orally contended, that the contract was usurious and was further in violation of the provisions of the Civil Code of this Territory, and cited the Statute of 1865-6, § 1842; the N. Y. Code upon this subject in Waite's Law and Practice; 2 Abb. N. Y. Dig., 50, § 367. Other objections were made which we do not deem necessary to notice in this decision.

The practice has become a very common one in the western states, at the present time, to stipulate in notes and mort-gages for reasonable attorney's fees in case an action shall be commenced thereon; and the question has been raised in many of the states, and so far as we have been able to examine the decisions, the courts have held that such a clause is in no sense usurious and does not destroy the negotiability of the instrument. In *Steneman v. Pyle*, 35 Ind., 103, the court says: "A stipulation in a note for the payment of attorney's fees, should a suit be instituted thereon, will not destroy the commercial character of the instrument." In *Nickerson v. Sheldon*, 33 Ills., 372, wherein this question came up, the Judge says: "The clause, 'We further agree, that

if the above note is not paid without suit, to pay ten dollars in addition to the above for attorney's fees,' does not destroy the negotiability of the note.'" 'I he same doctrine has been held in Louisiana and Iowa in late cases cited in the last American Edition. Byles on Bills, 32, note; *vide* 3 Iowa, 144; 28 do., 220; 29 do., 120, and 184, 244; 30 do., 131; also 32 do.,445.

These cases are decisive of the questions involved in this, unless our statute has given a construction to such contracts that the court is not at liberty to depart from. Section 829 of the Civil Code of 1865–6, provides: "Penalties imposed by contract for any non-performance thereof, are void." * * * * This contract plainly does not come within this section, for the stipulation in this note to pay ten dollars attorney's fees if action is commenced thereon, at most, can be construed to be only an agreement for liquidated damages upon default and in event of suit commenced. Section 830, reads: "Every contract, by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section." The next section referred to, section 831, is as follows: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." The language of this statute is strong and is intended to make void the usual penalties appended to contracts for their violation. The statute is a peculiar one and we are not aware of any judicial construction given to it in this Territory. The whole code is intended rather to be itself a construction of the common law, than a statute to be construed by the courts— a compilation of the decisions of the common law courts. But giving to the statute the strictest construction that can be contended for, we see no reason why this case may not come within the provision of section 831, as one where "it would be impracticable or extremely difficult to fix the actual damage." And, we are, therefore, of the opinion that the judgment of the court below should be　　　AFFIRMED.

SHANNON, C. J., dissenting.