### KENNEDY *v.* RICHARDSON ET UX.

PRACTICE.—*Interrogatories to Party.*—*Bill of Exceptions.*—*Record.*—Interrogatories to a party, a motion to strike them out, and the decision of the court thereon, must, to present any question to the Supreme Court, be made part of the record by a bill of exceptions, or in some other legal manner.

SAME.—*Pleading Struck Out.*—A motion to strike out a paragraph of a

pleading, the pleading itself, and the ruling of the court thereon, must be set out in the record by a bill of exceptions, or in some other legal manner, to present any question thereon for the decision of the Supreme Court.

ATTORNEY'S FEES.—*Contract of Indemnity Merely.*—A contract for the payment of attorney's fees is a contract of indemnity, and the holder thereof can not recover thereon any larger sum than will indemnify him ; and, if he has agreed with his attorneys for a smaller fee than that therein stipulated for, such agreement will enure to the benefit of the maker of the contract, and will limit the amount of the holder's recovery on account of attorney's fees.

SET-OFF.—*Character of.*—*Set-Off not Bad on Demurrer because it does not Answer entire Complaint.*—A set-off, strictly speaking, is not a defence in the action in which it is filed, but is a cross action, and must state facts sufficient to constitute, not a defence to the action, but a cause of action against the opposite party. An answer of set-off is, therefore, not open to the objection, on demurrer, that it does not present a complete defence to the cause of action.

VENDOR AND PURCHASER.—*False Representations as to Value of Real Estate.—Recoupment.—Set-Off.--Fraud.—Conclusion of Law.*—The vendee of real estate has no right to rely upon the representations of the vendor merely as to its value, and, if he does so, it is his own fault, and he can not ask to be relieved from the consequences, or to afford him any redress ; nor can such representations be made the basis of a claim for damages in the vendee's favor, and against the vendor, either in an original action or by way of recoupment or set-off ; nor will such answer be aided by a concluding averment that there was no consideration for the notes sued on, as that is merely a conclusion of law based on the fact so alleged.

PRACTICE.—*Assignment of Errors.—Transcript.—Supreme Court*—Under section 568, 2 R. S. 1876, p. 244, the assignment of errors on the transcript of the proceedings of the court below constitutes the appellant's complaint in the Supreme Court, and no questions are presented except such as fairly arise under the errors assigned.

From the Franklin Circuit Court.

*J. W. Gordon, R. N. Lamb, S. M. Shepard, H. Berry* and *F. Berry*, for appellant.

*J. R. McMahon*, for appellees.

HOWK, J.—This was a suit by the appellant, against the appellees, to foreclose two certain mortgages executed by the latter to the former, on certain lands in Franklin county, Indiana, and to collect the debt secured thereby, evi-

denced by the notes of the appellee Jonas B. Richardson, payable to the appellant. The sufficiency of the appellant's complaint is not questioned in this court, and, therefore, we need not set out even its substance, in this opinion. The appellant demanded judgment for the sum of thirty-two thousand dollars, for foreclosure, etc., and for other proper relief.

The appellees jointly answered, in five special or affirmative paragraphs, to each of which the appellant demurred upon the ground that it did not state facts sufficient to constitute a defence to his action; which demurrers were severally overruled by the court, and to these decisions he excepted. He then replied in five paragraphs, of which, the first was a general denial, and each of the others was a special reply. The appellees' written motion to strike out the second paragraph of the reply was sustained by the court, and to this ruling the appellant excepted.

The issues joined were tried by a jury, and a verdict was returned for the appellant, assessing his damages in the sum of eighteen hundred dollars. Thereupon the appellant moved the court for a new trial, which motion was overruled by the court, and to this decision he excepted. The court then rendered a judgment for the appellant, for the amount of the verdict and costs, and for foreclosure, etc., from which judgment this appeal is now prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the circuit court:

1. In overruling his motion to strike out the interrogatories propounded to him by the appellees, and in requiring him to answer the same;

2. In sustaining the appellees' motion to strike out his interrogatories, propounded by him to the appellees, and in refusing to compel them to answer the same;

3. In striking out the second paragraph of his rep'y to the appellees' answer;

4. In overruling his demurrer to each of the last three paragraphs of the appellees' answer;

5. In overruling his motion for a new trial; and,

6. In overruling his motion for a new trial and rendering final judgment on the verdict.

We will consider and decide such questions as the appellant's counsel have presented and discussed in their elaborate brief of this cause, and as fairly arise under these alleged errors, in the order of their assignment.

1. The appellant's counsel, in their argument of this cause, expressly admit that "there is nothing in the first" alleged error; because they say that the answers to the interrogatories, referred to in said error, "were not used on the trial, and no real harm resulted to the plaintiff from being compelled to answer, beyond the labor of preparing the answers." The first error must therefore be regarded as waived.

2. It is claimed by the appellant's counsel, that the court erred in sustaining the appellees' motion to strike out the interrogatories propounded to them by the appellant, and in refusing to compel them to answer such questions. This supposed error, however, was not so saved and reserved by the appellant as to make it properly apparent in the record of this cause. Neither the appellant's interrogatories to the appellees, nor their motion to strike them out, nor the decision of the court in sustaining such motion, were made parts of the record by a proper bill of exceptions, or in any other manner known to our law. It is true, that the interrogatories and the motion are copied into the record, but this act of the clerk did not and could not make them a proper part of the record.

We are of the opinion, that the second alleged error was not properly saved in the record, and presents no question for our decision. *Thomas* v. *Passage*, 54 Ind. 106; *The School Town of Princeton* v. *Gebhart*, 61 Ind. 187.

3. The third alleged error was intended to call in question the decision of the court in striking out, on the appel-

lees' motion, the second paragraph of the appellant's reply to the answer. This supposed error, however, was not properly saved in the record, as neither the paragraph of the reply, nor the motion to strike it out, nor the ruling of the court thereon, has been made part of the record by a bill of exceptions, or in any other legal manner. The third alleged error, therefore, is not shown by the record, and presents no question for the decision of this court.

4. The fourth alleged error presents for our decision the sufficiency of the facts stated in each of the last three paragraphs of the appellees' answer, to constitute a defence to the appellant's action. We will consider these paragraphs of answer separately, and decide as to the sufficiency of each of them, in the same order pursued by the appellant's counsel, in their brief of this cause. Counsel have first discussed the alleged insufficiency of the last or fifth paragraph of the answer.

In said fifth paragraph, the appellees, for a further answer to that part of the second paragraph of the appellant's complaint, wherein five per cent. attorney's fee was claimed, amounting to the sum of six hundred and one dollars, alleged that the appellant should not recover that sum, for the reason that he had contracted with his attorneys for one hundred and twenty-five dollars, and that he should only recover for said sum of one hundred and twenty-five dollars, that amount having been agreed upon between the appellant and his attorneys.

We are of opinion that the facts stated in this paragraph of answer were sufficient to constitute a good partial defence to so much of the appellant's complaint as sought to recover five per cent. attorney's fees. The contract for the payment of attorneys' fees, in whatever form it may be expressed, is a contract of indemnity merely, and as such only it has been upheld and enforced by the decisions of this court. Thus, in the case of *Billingsley* v.

*Dean,* 11 Ind. 331, it was said, in relation to a contract for the payment of attorney's fees, that, " evidently, when a party agrees to indemnify another against the consequences of his own act, he can not complain if his contract is enforced against him. The agreement in the case is reasonable, and there is certainly no good reason why an agreement on the part of the debtor to pay an expense resulting necessarily from his own act should not be held valid in law." As the contract is one of indemnity only, without regard to its form, of course the holder of such contract can not recover, in a suit thereon, any larger sum than will be sufficient to indemnify him ; and, if the holder has agreed with his attorneys for smaller fees than were stipulated for, such agreement will enure to the benefit of the maker of the contract, and will limit the amount of the holder's recovery on account of attorney's fees.

We think, therefore, that the court committed no error in overruling the appellant's demurrer to the fifth paragraph of the answer.

The appellant's counsel next complain, in argument, of the decision of the court in overruling the demurrer to the fourth paragraph of the answer. In this fourth paragraph of their answer, the appellees alleged, in substance, after first admitting the execution of the notes and mortgages in suit, that on the 16th day of December, 1876, the appellees bargained with the appellant to buy of him a tract of land in Franklin county, Indiana, known as the " Powers Farm," near Cedar Grove, in said county, particularly described; which said tract of land the appellant then, with intent to deceive and defraud the appellees, fraudulently represented to them to contain 665 acres; that the appellees, confiding in the truth of said representations, and supposing said tract of land to contain said quantity of 665 acres, agreed to pay for said land, and did pay thereon, to the appellant, the sum of twenty thousand

dollars, and executed the notes and mortgages sued on, to secure the deferred payments and for no other consideration whatever; that, in truth, the said tract of land did not contain 665 acres, but only 636 acres; whereby the appellees had sustained damages to the amount of $1,813.95, which amount they asked to set off against any amount which might be found due the appellant, by reason of his several causes of action, if any there be due him by reason thereof, and demanded judgment for one thousand dollars.

It is argued by the appellant's counsel, that this paragraph of the answer was bad, on the demurrer thereto, because, while it purported to be an answer to the entire complaint, it really stated only a partial defence to the appellant's cause of action. The paragraph, we think, is not open to this objection. It stated matters, by way of set-off, upon which the appellees relied as a cause of action in their favor, for the recovery of damages. A set-off, strictly speaking, is not a defence to the action in which it may be filed. It is simply a cross action; and as such it must state facts sufficient to constitute, not a defence to the action in which it may be filed, but a cause of action against the opposite party. *Boil* v. *Simms*, 60 Ind. 162. The facts stated by the appellees, in the fifth paragraph of their answer, by way of set-off, were sufficient, we think, to show a good cause of action, in their favor and against the appellant. Possibly, some of the allegations of the paragraph ought to have been made more certain and specific; but, if the paragraph was defective in this regard, the defect could only be reached by a motion to make more specific, and not by a demurrer for the want of facts. *The Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336.

The demurrer to the fourth paragraph of the answer was, we think, correctly overruled.

It is next claimed by the appellant's counsel, that the

court erred in overruling the demurrer to the third paragraph of the appellees' answer. In this third paragraph of answer, the appellees alleged, in substance, that the appellant induced them, the appellees, to execute the notes and mortgages sued on, by representing that he, the appellant, would convey, and had conveyed, to the appellees a farm in said Franklin county, worth forty-one thousand and six hundred dollars; that all the amount over twenty-one thousand and six hundred dollars, in the notes sued on, is computed interest added into said notes and notes executed for interest; that the representation, made by the appellant to the appellees, that said farm was worth forty-one thousand and six hundred dollars, was false and fraudulently made, the said farm not being worth more than fifteen thousand dollars; and that said false and fraudulent representations were made by the appellant to the appellees, with intent to deceive and defraud them, and that said notes and mortgages were executed by the appellees, believing said representations to be true, and that the appellees received no consideration for said notes and mortgages. Wherefore they demanded judgment for costs.

It seems to us, that the facts alleged by the appellees, in this paragraph of their answer, were clearly insufficient to constitute any defence to the appellant's action. The gist of the paragraph is, that the appellees had been induced, by the false and fraudulent representations of the appellant as to the value of the farm, to execute the notes and mortgages in suit. If the appellees were thus induced to pay, or to agree to pay, for the appellant's farm, a sum largely in excess of its actual value, it is certain, we think, that, however false the appellant's representations of its value were in fact, or may be alleged or shown to have been, such representations would give the appellees no legal claim against the appellant, either for damages in a suit

brought by them, or by way of recoupment or set-off in the present action. The vendee of real estate has no right to rely upon the affirmations of the vendor, merely as to its value, and if he does rely upon such affirmations or representations as to its value merely, it is his own fault or folly, and he can not ask of the law to relieve him from the consequences, or to afford him any redress. In discussing this subject, it was said by Chancellor Kent, that if the seller of property "should even falsely affirm that a particular sum had been bid by others for the property, by which means the purchaser was induced to buy, and was deceived as to the value, no relief was to be afforded; for the buyer should have informed himself from proper sources of the value, and it was his own folly to repose on such assertions, made by a person whose interest might so readily prompt him to invest the property with exaggerated value." 2 Kent Com., p. 486.

It will be observed that, in this paragraph of the answer, the appellees have characterized the appellant's representations as to the value of the farm, as both false and fraudulent. If, however, as we have seen, the appellees had no right to rely upon these representations as to value, it is difficult to see, and the appellees have not shown us, upon what ground they can be termed fraudulent, in any legal sense. In such a case, it is not enough to simply characterize the representations as fraudulent. For aught that is alleged in this paragraph of answer, the appellees may have known the farm, its qualities and condition, and may have had ample opportunity to know even its actual value, for many years prior to their purchase thereof from the appellant. The paragraph does not show, that the appellants were ignorant of the value of the farm, or that they had no opportunity to learn its value, prior to their purchase thereof or to their execution of the notes and mortgages in suit. Surely, if they were not thus ignorant, or

if they had such opportunity, and neglected to learn the value of the farm, they could not be heard to say afterward, that they relied upon the appellant's representations as to such value. While it is true that the law affords to every one reasonable protection against fraud in dealing, yet "it does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information.' 2 Kent Com., p. 485.

But it is claimed by the appellees' counsel, that no error was committed by the court in overruling the demurrer to the third paragraph of answer, because, they say, it was alleged therein, that the appellees received no consideration for the notes and mortgages in suit. As we construe this paragraph, however, this was not the allegation of a fact by way of defence, but merely the conclusion drawn by the pleader from the facts previously stated in the paragraph. The gravamen of the paragraph of answer, the defence intended and attempted to be stated therein, was the appellant's false and fraudulent representations as to the value of the farm, and the conclusion of the pleader therefrom was, that the appellees had sustained damages thereby to such an extent that they had received no consideration for the notes and mortgages in suit.

It is further claimed by the appellees' counsel, that the false and fraudulent representations of the appellant as to the value of the farm, as pleaded in said third paragraph of answer, constituted a good defence to this action. In support of this claim, the appellees' counsel have called our attention to the case of Newhouse v. Clark, 60 Ind. 172 ; but an examination of that case will show that it is not in point. It was a suit by the appellant to recover damages for certain false and fraudulent representations made by the appellee, in regard to certain lands in Kansas, which he had induced the appellant to take from him,

in exchange for her property in this State. The alleged false and fraudulent representations were made in relation to the title, value and the assessed value for taxation of the Kansas land, which the appellant alleged was of no value whatever. The measure of the appellant's damages was the difference between the value of her property in this State and the value of the Kansas land, which she had received in exchange therefor. On the trial, she failed to prove the value of the Kansas land; and the only point decided in that case was, that, in the absence of that proof, she could not recover.

We are clearly of the opinion, that false representations merely of value, made by the vendor of real estate to his vendee, can not be made the basis of a claim for damages in the vendee's favor, and against the vendor, either in an original action or by way of recoupment or set-off. *Cronk v. Cole*, 10 Ind. 485; *Harvey v. Young*, Yelv. 21; *Davis v. Meeker*, 5 Johns. 354; *Medbury v. Watson*, 6 Met. 246; *Nœtling v. Wright*, 72 Ill. 390; *Page v. Parker*, 43 N. H. 363. In the case of *Van Epps v. Harrison*, 5 Hill, 63, the court said: " No action will lie for a false representation by the vendor concerning the value of the thing sold; it being deemed the folly of the purchaser to credit the assertion. And besides, value is matter of judgment and estimation, about which men may differ. Nor will an action lie for a false affirmation that a person bid a particular sum for the estate, although the vendee was thereby induced to purchase, and was deceived as to the value. And so of other cases where the purchaser might by the exercise of common prudence have ascertained the truth and saved himself from injury." *Parker v. Moulton*, 114 Mass. 99; *Ellis v. Andrews*, 56 N. Y. 83.

For the reasons given, the court erred, we think, in overruling the appellant's demurrer to the third paragraph of the appellees' answer.

The appellant's counsel have devoted a considerable portion of their elaborate brief of this cause to the discussion of the alleged insufficiency of the first and second paragraphs of the appellees' answer. The record discloses the fact that the appellant's demurrers for the want of facts, to said paragraphs of answer, were overruled by the court, and that he duly excepted to these decisions. But, in his assignment of errors in this court, the appellant has not complained of the decisions of the circuit court, in overruling his demurrers to the first and second paragraphs of answer, as errors; and, therefore, no question has been presented to us for decision, in relation to either of said paragraphs of answer. Under section 568 of the code, a specific assignment of all errors relied upon must be entered upon the transcript; and this constitutes the appellant's complaint in this court. No questions are presented to this court for decision, in any case, except such as fairly arise under the errors assigned on the transcript.

The only other errors complained of are those assigned upon the decision of the court in overruling the motion for a new trial. As the conclusion we have reached, in regard to the insufficiency of the third paragraph of the answer, will reverse the judgment below, and lead to the formation of new issues, we deem it unnecessary to extend this opinion in the consideration and decision of any of the questions arising under the alleged error of the court, in overruling the motion for a new trial. These questions may not arise again, on another trial of the cause.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the demurrer to the third paragraph of answer, and for further proceedings not inconsistent with this opinion.