Filed May 17, 1890.

---

No. 14,522.

## HARVEY v. BALDWIN.

ATTORNEY'S FEES.—*Unconditional Promise to Pay.—Validity of.*—An unconditional promise to pay attorney's fees is valid.

SAME.—*Value of Attorney's Services.—Proof.—Competency of.*—In an action on a promissory note containing an unconditional promise to pay attorney's fees where the complaint avers that a reasonable fee is fifty

dollars, it is competent to prove the value of the attorney's services, although there is no direct averment in the complaint that an attorney was employed.

SAME.—*Evidence.*—It was not error to refuse to permit the defendant to prove that the plaintiff was an attorney, and competent to prosecute the action himself. A man is not bound to be his own attorney.

SAME.—*Agreement by Attorney to Receive One-Fourth of.*—*Mitigation of Damages.*—Where the defendant offered to prove in mitigation of damages that the attorney employed by the plaintiff had agreed to receive one-fourth of the attorney's fees, it was error to reject such offered evidence. The holder of a note can recover only what he agrees to pay his attorneys.

From the Cass Circuit Court.

*D. B. McConnell* and *S. T. McConnell,* for appellant.

*C. E. Hale,* for appellee.

ELLIOTT, J.—This action is founded on a promissory note containing an unconditional promise to pay attorney's fees, and the controversy here waged relates solely to the question of the right to recover such fees.

It has long been settled that an unconditional promise to pay attorney's fees is valid.

It was competent to prove the value of the services of the attorney, although there was no direct averment in the complaint that an attorney was employed, for the complaint avers that the reasonable fee is fifty dollars. As the note provides for the payment of attorney's fees it was enough to allege the breach of the contract, and state the damages generally ; for where damages are expressly provided for in a contract they need not be laid as special damages. *Strough* v. *Gear,* 48 Ind. 100; *Roberts* v. *Comer,* 41 Ind. 475; *Johnson* v. *Crossland,* 34 Ind. 334 ; *Smiley* v. *Meir,* 47 Ind. 559.

There was no error in refusing to permit the appellant to prove that the appellee was an attorney, and competent to prosecute the action himself. A man is not bound to be his own attorney, and this ancient rule of the law is stingingly expressed in an old and familiar adage.

It is immaterial whether the appellee did or did not assist

the attorney employed by him to prosecute the action. He had a right to assist him, and the fact that he may have done so can not diminish the compensation of the attorney actually employed.

As we have seen, the question of attorney's fees is a question of damages, and the defendant had a right, under the general denial, to introduce evidence in mitigation of the damages. If, therefore, evidence tending to reduce the damages was excluded there was error. We can see no possible escape from the conclusion that there was error, for the appellant offered to prove that the attorney employed by the appellee had agreed to receive one-fourth of the attorney's fees. It has been held, and correctly, that the holder of a note can only recover what he agrees to pay his attorneys. *Goss v. Bowen,* 104 Ind. 207.

In *Kennedy v. Richardson,* 70 Ind. 524, the court said: " If the holder has agreed with his attorneys for smaller fees than were stipulated for, such agreement will enure to the benefit of the maker of the contract, and will limit the amount of the holder's recovery on account of attorney's fees."

We can not sustain this judgment without overruling the cases referred to, and that we have no disposition to do.

If the appellee will enter a *remittitur,* within twenty days, for three-fourths of the amount allowed as attorney's fees, the judgment will be affirmed at his costs; otherwise it will be reversed.

Filed May 2, 1890.

## Supplemental Opinion.

ELLIOTT, J.—Upon consideration of the matters alleged in the petition of the appellee, it is ordered and adjudged by the court that the mandate in this cause be so changed as to read as follows:

That within fifteen days from the date of this order the appellee shall remit, as of the date of the judgment in the court below, eight dollars and sixty cents; and in the event

that a *remittitur* is so entered the judgment is affirmed at the costs of the appellant; but if the *remittitur* is not entered as directed the judgment is reversed at the costs of the appellee.

Filed May 15, 1890.