BAKER GIN CO. v. N. S. SHERMAN MACHINE & IRON WORKS.

No. 1496.   Opinion Filed March 12, 1912.

(122 Pac. 235.)

BILLS AND NOTES—Stipulation for Attorney's Fee—Validity.   An unconditional stipulation in a promissory note to pay an attorney fee is valid.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by the N. S. Sherman Machine & Iron works against the Baker Gin Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*O. W. Patchell* and *Marion Henderson,* for plaintiff in error.

*C. W. Thomason* and *Blanton & Andrews,* for defendant in error.

TURNER, C. J.   On January 7, 1908, N. S. Sherman and others, partners, doing business as N. S. Sherman Machine & Iron Works, sued W. U. Baker and others, partners, doing business as Baker Gin Company, on two like promissory notes dated October 16, 1907, payable, respectively, in 30 days and 60 days thereafter, the second of which reads:

"$200.00.   Oklahoma City, Okla., Oct. 16th, 1907.   Sixty days after date I promise to pay to N. S. Sherman Machine and Iron Works or bearer, two hundred dollars at the office of N. S. Sherman Machine and Iron Works with interest from date at the rate of ten per centum per annum, and also attorney fee.   Value Received.   Baker Gin Company, by W. U. Baker."

There was judgment for plaintiff for $462.00, including $75 attorney's fee, and defendant brings the case here.

The only question involved is the validity of that provision in the notes sued upon providing, "and also attorney fee." The trial court held in favor of its validity, and permitted a recovery. This was right. In *Clowers et al. v. Snowden et al.,* 21 Okla. 476, 96 Pac. 596, following the former holding of this court, as we held this provision destroyed the negotiability of the note, it would be difficult for us to now hold this provision to be invalid, as we are asked to do. This for the reason that, if we should so hold, it would be difficult to reconcile this case with that, and explain how this clause being invalid could affect the note at all.

Although the Legislature of Indiana in 1875 passed an act by which conditional agreements in a bill or note to pay attorney fees were declared void, the Supreme Court of Indiana has held that this act has no application where the stipulation for attorney fees is absolute as here. In *Moore v. Staser,* 6 Ind. App. 364, 32 N. E. 563, the court said:

"Agreements to pay attorney's fees in promissory notes, not dependent upon any express condition, are valid and enforceable. *Churchman v. Martin,* 54 Ind. 380. Such agreements, however, are in the nature of indemnity contracts, and the promisee can only recover thereunder such sums as he has actually and necessarily expended or become liable for on account of the default of the promisor. *Kennedy v. Richardson,* 70 Ind. 524; *Goss v. Bowen,* 104 Ind. 207, 2 N. E. 704. * * * It is only where the holder of a note necessarily incurs a liability for attorney's fees in its collection that the maker becomes liable therefor under the indemnity stipulation, and such necessity can never arise except by the maker's failure to pay at maturity. If he performs his agreement, no liability will be incurred, and he should not complain at the enforcement of an agreement against him which he could avoid by the performance of his contract. In view of these observations, it must be held that the agreement to pay attorney's fee covers the fee of an attorney for the collection of the note, made necessary by the default of the maker, whether suit is brought or not."

This opinion was adhered to on rehearing (33 N. E. 665). The court said:

. "An unconditional stipulation in a bill of exchange, acceptance, draft, promissory note, or any other written evidence of indebtedness to pay an attorney fee is valid. *Tuley v. McClung,* 67 Ind. 10; *Bond v. Orndorf,* 77 Ind. 583; *Harvey v. Baldwin,* 124 Ind. 59, 24 N. E. 347, 26 N. E. 222."

In view of what we have held, and believing the reasoning of the Indiana court to be sound, we follow it.

The judgment of the trial court is affirmed.

All the Justices concur.