## McCLAIN et al. v. CONTINENTAL SUPPLY CO.

No. 8123—Opinion Filed Nov. 6, 1917.

(168 Pac. 815.)

### Bills and Notes—Stipulation for Attorney's Fee—Validity.

Where a note by its terms provides for $10 and 10 per cent. of principal and interest to be added as collection fee, in case payment of said note is not made at maturity, and suit is brought on said note, **held**, that it is not error to include in the judgment the attorney's fee stipulated for in said note.

(Syllabus by West, C.)

Error from Superior Court, Muskogee County; H. C. Thurman, Judge.

Suit by the Continental Supply Company against George W. McClain and Dave Anderson, copartners doing business under the firm name and style of Eureka Drilling Company. Judgment for plaintiff, and defendants bring error. Affirmed.

H. C. Wipperman, for plaintiffs in error.
J. F. Brett and Randolph, Haver & Shirk, for defendant in error.

Opinion by WEST, C. This suit was instituted in the superior court of Muskogee

county, Okla., by defendant in error, plaintiff below, against plaintiffs in error, defendants below, on five separate causes of action, first upon an account, then upon four promissory notes for $1,000 each, dated February 19, 1915, due in 30, 60, and 90 days, and 4 months, respectively, from date. One of said notes is as follows:

"$1,000.00     Muskogee, Okla., Feb. 19, 1915.

"Thirty days after date, for value received, we promise to pay to the order of the Continental Supply Co., Third National Bank Building, St. Louis, Mo., one thousand and no /100 dollars, at First National Bank, Morris, Okla., with interest at the rate of eight per cent. per annum from date until paid.

"The parties hereto each severally waive presentation for payment, protest, notice or protest and notice of dishonor and if payment of this note is not made at maturity, it is hereby agreed that an additional amount of $10.00 and ten per cent. of the principal and interest of this note shall be added to same as collection fees.

"Eureka Drilling Co., by Geo. McClain.

"P. O. Address: ————.

"Due: ————."

Indorsements:

"The undersigned hereby waive presentment for payment, protest, notice of protest and notice of dishonor of the within note."

The others are duplicates and exact copies of the above, except the due date. The parties will hereinafter be referred to as they appeared in the court below.

Upon trial of the case to the court the plaintiff recovered judgment for the amount sued for, that is, the amount of each note and interest with an attorney's fee of $113.-17, as provided in each note. The only question raised on appeal is as to the finding of the court for the attorney's fee of $113.17 stipulated for in each note; defendants claiming that the language used in providing for collection fees amounts to a penalty or stipulated damages to be paid for breach or obligation and in anticipation thereof, and therefore within the intent and meaning of sections 974, 975, and 976, Rev. Laws 1910, and void.

These notes were made after the adoption in this state of what is known as the Uniform Negotiable Instruments Act. Section 4052 thereof is as follows:

"When sum payable is a sum certain. The sum payable is a sum certain within the meaning of this chapter; although it is to be paid: * * * Fifth. With costs of collection or an attorney's fee, in case payment shall not be made at maturity."

The authorities urged by plaintiffs in error in their briefs we do not think are applicable to the case at bar, for the reason that each case cited was where the court had under consideration an ordinary contract for the performance of certain acts, not the payment of money, and providing for a stipulated sum as damages in the event of a breach thereof.

Sections 974, 975, and 976, supra, are taken from Dakota, and the Dakota Supreme Court has construed these sections as applying to negotiable instruments, providing for attorney's fees, and in the syllabus of case of Farmers' National Bank of Salem v. Rasmussen, 1 Dak. 60 (57), 46 N. W. 574, lays down the following rule:

"A promise in a note to pay '$10 attorney's fee, if action is commenced hereon,' is not usurious, nor is it invalid, under Civil Code Dak. 1865, §§ 830, 831, providing that every contract which determines in advance the damages to be paid for a breach is to that extent void, except that, when it would be extremely difficult to fix the actual damage, the parties may agree on an amount which shall be presumed to be the damage sustained."

In case of Danforth v. Charles et al., 1 Dak. 285 (273) 46 N. W. 576, the Supreme Court of Dakota, in the first paragraph of the syllabus, has this to say:

"A stipulation in a mortgage for reasonable attorney's fees, in case of foreclosure by action, is not within Civil Code Dak. §§ 829, 830, declaring provisions of a contract for penalties or liquidated damages for any nonperformance to be void."

In the body of the opinion the court uses the following language:

"And it is further insisted by counsel for appellees that either stipulation is void, as being prohibited by sections 829 and 830 of the Civil Code, which read as follows: 'Penalties imposed by contract for any nonperformance are void.' * * * 'Every contract by which the amount of damage to be paid, * * * for a breach of an obligation is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section.' Stipulations of this character have been and are now enforced by courts of equity in almost every state and territory in this country, so far as I have been able to extend my examination; and yet no principle is better settled or of more universal application than that courts of equity will never enforce either a penalty or a forfeiture. Story, Eq. Jur. § 1319, and authorities cited. Hence we are

certainly justified in concluding that these courts have never construed a stipulation in a mortgage for attorney's fees to be either a penalty or forfeiture. But what is the meaning of the term 'penalty'? It is defined to be a clause in an agreement by which the obligor agrees to pay a certain sum of money, if he shall fail to fulfill the contract contained in another clause of the same agreement. A penal obligation differs from an alternative obligation, for this is but one in its essence; while a penalty always includes two distinct engagements, and when the first is fulfilled the second is void. When a breach has taken place the obligee has his option to require the fulfillment of the first obligation, or the payment of the penalty (Bouv. Law Dict.), but not both. He cannot compel compliance with the conditions, and then pursue the penalty, or vice versa; he must elect. If these propositions are correct law, with what degree of accuracy can this stipulation be termed a penalty? Is it a sum to be paid in lieu of a compliance with conditions and in full discharge of the obligation? Must the mortgagee elect before bringing suit, and abandon all his other rights under the contract, if he would collect the fee? Certainly not. I therefore conclude that it can in no sense be a penalty, and therefore does not come within the provision of section 829, Civil Code."

It would therefore appear that sections 974, 975, and 976, supra, have been construed by the highest court of the state from which said sections were adopted. In the adoption of the sections if we take them with the construction placed upon them by the court of last resort of the state from which they were taken, then we must hold that the provision for an attorney's fee or costs of collection stipulated for in a promissory note does not fall within the pale of inhibition of said sections, besides our courts have spoken upon this matter and have not only held that a provision for an attorney's fee does not render said notes non-negotiable, and that an unconditional stipulation in a promissory note to pay an attorney's fee is valid, and an agreement in a promissory note to pay costs of collection authorizes the recovery in a suit on said note of a reasonable attorney's fee, as will be seen from the examination of the following authorities, to wit:

In case of Baker Gin Co. v. N. S. Sherman Machine & Iron Works, 31 Okla. 484, 122 Pac. 235, the syllabus is as follows:

"An unconditional stipulation in a promissory note to pay an attorney fee is valid."

In the body of the opinion the court says:

"The only question involved is the validity of that provision in the notes sued upon providing, 'and also attorney fee.' The trial court held in favor of its validity, and permitted a recovery. This was right. In Clowers et al. v. Snowden et al., 21 Okla. 475, 96 Pac. 596, following the former holding of this court, * * * it would be difficult for us to now hold this provision to be invalid, as we are asked to do. This for the reason that, if we should so hold, it would be difficult to reconcile this case with that, and explain how this cause being invalid could affect the note at all."

In case of Seton v. Exchange Bank of Perry, 50 Okla. 323, 150 Pac. 1079, the first paragraph of the syllabus is as follows:

"The provision in a promissory note '* * * If suit is begun, judgment may be taken for an additional $15.00 and ten per cent. of the amount due for attorney's fees,' does not render the amount to be paid uncertain, under the provisions of the Uniform Negotiable Instruments Act, which went into effect June 11, 1909 (section 4052, Rev. Laws 1910), and therefore does not render the note nonnegotiable."

In case of Letcher v Wrightsman, 60 Okla. 14, 158 Pac. 1152, the first paragraph of the syllabus is as follows:

"An agreement, in a promissory note, to pay the 'costs of collection,' authorizes the recovery, in a suit upon such note, of a reasonable attorney's fee."

It is contended by the appellant that the provision in the note, supra, amounts to an unqualified agreement to pay an additional amount in default of payment thereof at maturity whether said note is sued upon by attorney, collected by an attorney, or collected by the payee. We cannot agree with this contention.

In case of Williams v. Flowers, 90 Ala. 136, 7 South. 439, 24 Am. St. Rep. 772, first paragraph of the syllabus is as follows:

"A stipulation in a note, by which the maker agrees to pay all costs for collecting it, not less than ten per cent. on failure to pay at maturity, includes an attorney's reasonable fee, and does not render the note usurious."

In the body of the opinion the court uses the following language:

"A demurrer was interposed to so much of the bill as seeks to enforce the collection of solicitor's fees under the following stipulation, contained in the note upon which the bill is founded: 'It is further agreed that the undersigned [makers] shall pay all costs for collecting the above, not less than ten per cent., on failure to pay at maturity.'

The special grounds of demurrer are that the term, 'costs for collecting,' does not include solicitor's fees for bringing the suit, and if it does, that the contract is usurious. In practice, costs and fees are different in their nature; costs being an allowance to a party for expenses incurred in prosecuting or defending a suit, and fees being compensation to an officer for services rendered in the progress of a cause. Tillman v. Wood, 58 Ala. 578. In common parlance, the compensation paid an attorney is denominated a fee, in contradistinction to the costs incident to the judgment; but, in its legal sense, the term 'costs' denotes not only the expenses incurred by reason of being a party to legal proceedings, but also the charges which an attorney is entitled to recover from his client, as remuneration for his professional services. Rapalje & Lawrence's Law Dict. It is manifest that the parties meant that the term, 'costs of collection,' as used in the note, should be understood in its broadest signification; otherwise the stipulation would have no effect, for, without it, defendants would be liable to the costs incident to the decree. We, therefore, construe the term as having been intended to include the compensation which the payee of the note might have to pay an attorney for bringing a suit to enforce its collection."

In Ruling Case Law, vol. 3, § 83, p. 895, it is said:

"83. Interpretation of Stipulation for Attorney's Fee or Costs—A stipulation in a note to pay the 'costs of collection' includes the reasonable compensation of an attorney in case suit is instituted; it does not refer to the costs of the suit, for the maker is liable for this expense in the absence of any stipulation. * * *"

Section 62, Daniel on Negotiable Instruments (6th Ed.) vol. 1, p. 83, in discussing this proposition, says:

"Quite frequently in recent years bills and notes are met with, framed in other respects in the usual negotiable forms, but containing the additional stipulation on the part of the drawer or maker to pay collection or attorney's fees, and they have elicited from the courts various and conflicting decisions. The cases may be divided into four classes:

"First. Those which sustain both the validity of the stipulation and the negotiability of the instrument. * * *

"Second. The second class of cases enforce the stipulation, but deny the negotiability of the instrument. * * *

"Third. The third class of cases maintain the negotiability of the instrument, but regard the stipulation as penal and void. * * *

"Fourth. The fourth class of cases hold that the stipulation to pay the additional amount renders the transaction usurious, and subjects the instrument to the operation of the statutes against usury."

Our decisions come under the first class which sustain both the validity of the stipulation and the negotiability of the instrument, and it appears that the only contention to be decided in this case is as to the meaning of the stipulation contained in the note in question. To our minds whether such provision designates the additional charge as "attorney's fees," "collection fees," "costs of collection," or "expenses of collection," according to the construction as given by all the courts, means the same thing. In case of Letcher v. Wrightsman, supra, in construing the provision in said note, "costs of collection," our court said:

"The words, 'costs of collection,' used in the note sued on, are not necessarily confined to the costs which are charged up against the unsuccessful party to a case in court. The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed.' Section 954, Revised Laws 1910.

"Under this rule of construction the word 'costs,' used in the note sued on, evidently is synonymous with 'expense.' To give it any other meaning would make the agreement in the note wholly useless, since the maker would be responsible for costs of suit without any agreement therefor being embodied in the note. The costs of collection, therefore, must be held to embrace attorney's fees and to include a reasonable compensation for the attorneys bringing suit in an endeavor or to collect the note, since such attorney's fees are a part of the expenses of collection."

In a strict legal sense "collection fees" might be a broader term than "attorney's fees," for "collection fees" might embody expenses involved in endeavoring to collect said note by some person other than a licensed attorney and so this might be true of "costs of collection"; however, the courts in determining the meaning of these stipulations, so far as we have been able to ascertain, have all treated them as synonymous terms when used in promissory notes and holding that it was a provision or stipulation to reimburse the payee and his assignees for an attorney's fee. 3 Ruling Case Law, § 82, p. 894, has this to say:

"A stipulation, in a promissory note, for the payment of costs of collection, including attorney's commissions, on failure to pay at

maturity, is, according to the prevailing view, valid. This view is founded on the conceded right of parties to make their contracts in what form they please, provided they conform to the law of the land; and besides, it is eminently just that the creditor who has incurred an expense in the collection of the debt should be reimbursed by the debtor by whom the action was rendered necessary, and the expenses entailed."

The notes in question provided for a certain sum as collection fees in the event that payor should make default in the payment thereof at maturity. If the provisions in said note had designated the additional charge as attorney's fee instead of collection fees it would appear under holdings of our court to be a valid provision and enforceable. What is the meaning of collection fee when the same is stipulated for in a promissory note? It is contended by appellant that this provision is an unqualified agreement to pay an additional amount in case of default of the payment thereof at maturity, whether said note is sued on by an attorney, or collected by an attorney, or collected by the payee. We cannot agree with this contention.

It is our belief that the provision contained above, that in default of payment the payor shall pay an additional sum as collection fees, presupposes that there will be expenses incurred in the collection of said note, and how could it be contended that the payee of said note could demand the attorney's fee stipulated in a promissory note when he himself was collecting the note, and it was not shown or contended that any expense had been incurred in the employment of an attorney or agreement to employ one; then with what greater force could it be urged that the payee of said note could demand from the payor collection fees provided for in said note in the absence of a showing that none had been expended? Suppose, for instance, that our law provided that a stipulation in a promissory note for a penalty for breach or failure to pay at maturity was permissible. Could it be contended that the provision in the note in question could be construed to mean a mere penalty for failure to pay at maturity? If the payee was here endeavoring to enforce this penalty would not the payor be here urging that the provision was not a penalty or stipulated damage, but a contract of indemnity to hold harmless the payee against additional costs and expenses in enforcing the payment thereof? Some notes provide for an "attorney's fee," some for "collection fees," some for "costs of collection," and some for "expenses of collection," and the courts in construing these various provisions, so far as

we have been able to learn, have all given them practically the same meaning, and no court, so far as we have been able to find, has decided that such stipulation or contention was an unqualified agreement to pay said sum as a penalty which the payee could demand and receive when endeavoring to collect the note himself, and no court has ever decided that any of these provisions could be enforced except where the costs were incurred, and no court in a state which sustains both the validity of the stipulation and negotiability of the instrument providing for an attorney's fee or costs of collection has ever held such provision to mean anything other than a contract of indemnity to reimburse the party for expenditures made in endeavoring to collect said note.

And so in the instant case it is our view that the provision contained in this note is not an unqualified agreement to pay stipulated damages in case of a breach of contract as a penalty, but it is a provision to reimburse the payee of the note for such necessary expenditures which he may incur in endeavoring to collect the same; and whether the provision was for an attorney's fee in a stipulated amount, or for a reasonable attorney's fee, or for costs of collection, or for collection fees in a stipulated amount, it would be a provision merely to reimburse the payee of the note for expenses incurred in endeavoring to collect the same, and would not give him a right to such charge or additional amount unless he had expended such amount in endeavoring to collect said notes.

If the amount stipulated as an attorney's fee, or collection fees, or fees for collection, was an unreasonable amount it might be assailed on that ground, but there is no contention in the instant case that the amount claimed is unreasonable, or was not expended by the payee of said note in endeavoring to collect the same.

Finding no error, judgment of the lower court is affirmed.

By the Court: It is so ordered.