## KEMP v. METZ.

No. 32179.   April 16, 1946.

*168 P. 2d 107.*

Walter Mathews, of Cushing, for plaintiff in error.

Swank & Swank, of Stillwater, for defendant in error.

PER CURIAM. This is an action on a promissory note brought by E. W. Metz, a sole trader doing business as Cushing Machine & Tool Company, hereinafter called plaintiff, against R. L. Kemp, defendant, to recover on a promissory note in the principal sum of $246.11, executed July 18, 1939.

Plaintiff sought recovery of $354.80, with interest thereon at the rate of 10 per cent per annum and for an attorney's fee and costs of the action.

The defendant counterclaimed by alleging a delivery of certain personal property in partial payment of said indebtedness. On a trial to a jury a verdict was rendered for $246.11; thereupon the court stated that judgment would be entered upon the verdict as returned but that no attorney's fee would be allowed for the reason that there was no evidence offered in support of an attorney's fee.

Plaintiff then filed a motion for judgment non obstante, presenting the proposition that no defense had been proven and that the plaintiff was entitled to the full amount prayed for. The defendant filed a motion to retax costs for the reason that the court was not authorized to allow an attorney's fee.

The court heard both the motion for judgment non obstante and the motion to retax costs, and after certain witnesses had been called to establish a reasonable attorney's fee the court entered judgment on the verdict for $246.11 and an attorney's fee. The promissory note, a copy of which was attached to the petition, has the following provision:

"Should suit be commenced for the collection of this note a reasonable amount shall be allowed as attorney's fees, and taxed with the costs, whether is goes to judgment or not."

The defendant first argues that since the note provided for a reasonable attorney's fee to be taxed as costs, the trial court was unauthorized to enter a judgment for attorney's fee in this state. As to whether or not the attorney's fee should be taxed as costs, or allowed as a separate item, is, we think, immaterial and but a technical distinction. The cases cited by the defendant amply support his general proposition that, in the absence of a contract so specifying, the trial court is without

authority to tax as costs an attorney's fee except in cases covered by statute. In the case at bar the obligation of defendant is contractual and therefore the cases cited are not in point.

It is next argued that the agreement to pay the attorney's fee is in the nature of a penalty and void. Defendant states that the sole question presented by this appeal is whether or not the court erred in allowing the attorney's fee; that it is one of first impression in this court, and although the court has passed upon the question of allowance of attorney's fee in lien foreclosure cases and others where such allowance is expressly authorized by statute, the question of allowance of attorney's fee in actions at law to recover a debt, or a debt due on a promissory note, has never been considered by this court.

We are of the opinion that the defendant has overlooked the case of McClain v. Continental Supply Co., 66 Okla. 225, 168 P. 815. Therein the proposition stated by the appellant was:

"The only question raised on appeal is as to the finding of the court for the attorney's fee of $113.17 stipulated for in each note; defendants claiming that the language used in providing for collection fees amounts to a penalty or stipulated damages to be paid for breach of obligation and in anticipation thereof, and therefore within the intent and meaning of sections 974, 975 and 976, R.L. 1910, and void."

The court sustained the attorney's fee. Likewise, in Baker Gin Co. v. N. S. Sherman Machine & Iron Works, 31 Okla. 484, 122 P. 235, the court stated that an unconditional stipulation in a promissory note to pay an attorney fee is valid. We are of the opinion, and hold, that the trial court did not err in allowing an attorney's fee.

The record before us does not present the reasonableness of the attorney's fee. The evidence on the trial is not presented and the error arose upon a motion to retax costs based upon an alleged lack of authority to allow an attorney's fee, so that this court cannot review any alleged error in the reasonableness of the attorney's fee as allowed at the trial.

The judgment of the trial court is affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.