286 F.2d 114
 WEBSTER DRILLING COMPANY, Appellant,
v.
Barth P. WALKER, Trustee, Parker Petroleum Co., Inc., a
corporation, Appellee.
In the Matter of PARKER PETROLEUM CO., Inc., a corporation, Debtor.
 No. 6460.
 United States Court of Appeals Tenth Circuit.
 Jan. 4, 1961.
 
 G. C. Spillers, Jr., Tulsa, Okl. (G. C. Spillers and Jack R. Givens, Tulsa, Okl., were with him on the brief), for appellant.
 Francis S. Irvine, Oklahoma City, Okl. (Roger B. Henkle and Kerr, Conn & Davis, Oklahoma City, Okl., were with him on the brief), for appellee.
 Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.
 BRATTON, Circuit Judge.
 
 
 1
 The appeal in this case was taken from an order entered in a reorganization proceeding under Chapter X of the Bankruptcy Act, as amended, 11 U.S.C.A. 501 et seq., denying a claim for allowance for attorney's fees.
 
 
 2
 Parker Petroleum Company, hereinafter referred to as Parker, owned oil and gas leases covering land in Texas containing 2,560 acres. Parker and Webster Drilling Company, hereinafter referred to as Webster, entered into a drilling contract in which the latter was obligated to drill a well on the land. For the purpose of securing Webster, Parker executed to it a promissory note in the sum of $150,000; and also a deed of trust covering the leases as security for the note. The note contained a provision to pay eight per cent additional as attorney's fees in case of legal proceedings to collect the note, or in case the note was handed to an attorney for collection. Later, Parker executed to Webster a second note in the sum of $99,513.60 which was also secured by the deed of trust. That note contained a provision for attorney's fees of ten per cent of any amount remaining unpaid after maturity and the unpaid balance was collected by an attorney or by suit. Webster filed for record in Texas a mechanic's and materialman's lien against the leases for an asserted unpaid balance then in default in connection with the drilling operations. Parker instituted in the United States Court for Western Oklahoma a proceeding for reorganization under the Act, supra. Webster filed in the proceeding a claim in the total amount of $487,755.03, together with attorney's fees as provided in the notes. The trustee filed objections to the claim. After a hearing, the court found among other things that the notes were not delivered to the attorneys for Webster until after commencement of the reorganization proceeding; the court concluded as a matter of law that the claim for attorney's fees should be denied because the notes were not handed to the attorneys prior to the initiation of the reorganization proceedings; and the court entered an order providing among other things that the claim for attorney's fees be denied. Webster appealed.
 
 
 3
 A motion was filed in this court to dismiss the appeal on the ground that it was improperly taken. A notice of appeal was filed in the trial court. No application was made to this court for the allowance of the appeal and no order was entered by this court allowing it. Section 250 of the Act, supra, 11 U.S.C.A. 650, governs the manner of taking an appeal from an order in a reorganization proceeding making or refusing to make an allowance for compensation or reimbursement. In presently pertinent part, the section provides that such an appeal 'may, in the manner and within the time provided for appeals by this title, be taken to and allowed by the circuit court of appeals independently of other appeals in the proceeding * * *.' This appeal should have been taken in the manner prescribed by the statute instead of filing a notice of appeal in the district court. Shulman v. Wilson-Sheridan Hotel Co., 301 U.S. 172, 57 S.Ct. 680, 81 L.Ed. 986; Dickinson Industrial Site, Inc. v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819. But the notice of appeal was filed in that court less than thirty days after entry of the order; such procedure was not adopted for the intended purpose of enlarging or restricting the review; and the scope of review was not altered. While the irregularity would justify the court in dismissing the appeal, it was not jurisdictional in the sense that it deprived the court of power to allow the appeal. Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364. And in the interest of substantial justice, we deny the motion; treat the notice of appeal as a petition to this court for the allowance of the appeal; allow the appeal; and make disposition of the case on its merits. Brown v. Hammer, 4 Cir., 203 F.2d 239; Mario Mercado E. Hijos v. Feliciano, 5 Cir., 260 F.2d 500.
 
 
 4
 It is the general rule that where a promissory note or other obligation containing a provision for the payment of attorney's fees is presented as claim in a reorganization proceeding, the construction of the note or other obligation presents a question of local law. Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236; In re American Motor Products Corp., 2 Cir., 98 F.2d 774. And where such an instrument secured by a mortgage or deed of trust is presented as a claim in a reorganization proceeding, the question whether the attorney's fees constitute a valid portion of the secured debt depends upon the law of the state in which the land is situated. Security Mortgage Co. v. Powers, supra; Brown v. Security National Bank of Greensboro, 4 Cir., 200 F.2d 405.
 
 
 5
 One of the two notes did not specify a place of payment but the deed of trust provided that it was payable in Tulsa, Oklahoma. The other note was expressly payable at Tulsa. And the real estate securing both notes was in Texas. But no question relating to conflict of laws is presented. It is our understanding that such a provision is valid under the law of Oklahoma. Baker Gin Co. v. N. S. Sherman Machine & Iron Works, 31 Okl. 484, 122 P. 235; Continental Gin Co. v. Sullivan, 48 Okl. 332, 150 P. 209; First National Bank of Stigler v. Howard, 59 Okl. 237, 158 P. 927; McClain v. Continental Supply Co., 66 Okl. 225, 168 P. 815; Kemp v. Metz, 197 Okl. 25, 168 P.2d 107. And it is our further understanding that the same rule obtains in Texas. First National Bank of Eagle Lake v. Robinson, 104 Tex. 166, 135 S.W. 372; Lanier v. Jones, 104 Tex. 247, 136 S.W. 255; Rushing v. Citizens' National Bank, Tex.Civ.App., 162 S.W. 460; Childs v. Juenger, Tex.Civ.App., 162 S.W. 474.
 
 
 6
 While a provision in a note or other written obligation for the payment of attorney's fees is valid in both Oklahoma and Texas, it is the further rule in both of those states that such a provision is one of indemnity or reimbursement, not one for liquidated damages in the nature of a penalty for nonpayment. Baker Gin Co. v. N. S. Sherman Machine & Iron Works, supra; McClain v. Continental Supply Co., supra; First National Bank of Eagle Lake v. Robinson, supra; Lanier v. Jones, supra; Ehlinger v. Clark, 117 Tex. 547, 8 S.W.2d 666. And the general rule is that a provision of that kind being one for indemnity or reimbursement as distinguished from one of penalty for nonpayment, the amount fixed in the instrument is prima facie the sum recoverable, but it may be reduced by the court in the exercise of its sound discretion if it is excessive or unreasonable. Cf. American National Bank of Sapulpa, Okl. v. Bartlett, 10 Cir., 40 F.2d 21; Brannin v. Richardson, 108 Tex. 112, 185 S.W. 562; Lee v. Howard Broadcasting Corp., Tex.Civ.App., 305 S.W.2d 629.
 
 
 7
 The court is clothed with a wide range of discretion in making allowances for attorney's fees in a reorganization proceeding under Chapter X, supra. Brown v. Gerdes, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659, Leiman v. Guttman, 336 U.S. 1, 69 S.Ct. 371, 93 L.Ed. 453. But in this instance the court did not determine that the amounts fixed in the two notes were reasonable. The court did not determine that such amounts were excessive. The court did not determine that a less amount would be reasonable. And the court did not defer consideration of the matter of fixing such fees until a later juncture in the course of the proceeding when the factual situation respecting the nature and extent of the services rendered in connection with the claim had developed more fully. Instead, the court denied the claim in toto; and if the order had become final, it would have constituted res judicata with concluding effect. And the findings of fact, conclusions of law, and order, considered together, make it clear that such denial was predicated upon the fact that there notes were not handed to the attorneys for collection until after the initiation of the reorganization proceeding. The validity of the claim for attorneys fees did not depend upon whether the notes were placed in the hands of an attorney before or after the initiation of the reorganization proceeding. It was within the contemplation of the parties to the notes and deed of trust that in the event default was made in the payment of the notes and a petition for reorganization was filed and approved, Webster would place the notes in the hands of attorneys. Default was made; a petition for reorganization was filed and approved; the notes were placed in the hands of attorneys; the provisions in the notes for payment of attorney's fees became activated; and the attorneys have rendered and continue to render services designed to collect the indebtedness and preserve the rights of Webster under the deed of trust. Services of that kind come within the provision contained in the notes for the payment of attorney's fees, even though the notes were not placed in the hands of the attorneys until after the reorganization proceeding had begun. Brown v. Security National Bank of Greensboro, supra.
 
 
 8
 The trustee seeks to uphold the order of the court denying the claim for attorney's fees on the ground that the filing for record of the mechanic's and materialman's lien effectively superseded the notes and the deed of trust lien; that the mechanic's and materialman's lien existed only for the materials furnished and the labor performed in connection with the drilling operations; and that, therefore, no liability for attorney's fees exists. In harmony with the rule elsewhere, it is the law in Texas that an existing lien on property is not waived, released, or discharged by the taking of other or additional security unless an intent to waive, discharge, or release affirmatively appears from the circumstances. Jines v. Dodson, Tex.Civ.App.,279 S.W. 557. The presumption is against an intent to waive, discharge, or release; and, therefore, the burden rests upon him asserting such an intention to overcome the presumption. Shirley-Self Motor Co. v. Simpson, Tex.Civ.App.,195 S.W.2d 951. The record is barren of any showing of an intention on the part of Webster to waive, discharge, or release any of its rights under the notes and the deed of trust securing them.
 
 
 9
 The order, insofar as it denied the claim for attorney's fees, is reversed, and the cause is remanded.